Present:   All the Justices

EMERY C. PETERSON
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 992478              September 15, 2000

LORENZO CASTANO, ET AL.

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        John E. Kloch, Judge

     In this appeal, we consider whether the circuit court

erred by denying the plaintiff's motion to amend his motions

for judgment to increase each ad damnum clause.

     Plaintiff, Emery C. Peterson, was injured in a motor

vehicle accident in Alexandria on April 10, 1996.  He filed a

motion for judgment against Lorenzo M. Castano and his

employer, El Mercado, Inc., and alleged that Castano's

negligent operation of a motor vehicle was a proximate cause

of the plaintiff's injuries.  The plaintiff also filed a

separate motion for judgment against another driver of a motor

vehicle involved in the same accident, Hira Naimi, and alleged

that her negligence was also a proximate cause of his

injuries.  The plaintiff sought damages of $50,000 in each

motion for judgment.

     The circuit court consolidated the motions for judgment,

and the litigants agreed upon a pretrial order which

established a discovery deadline date of January 1, 1999 and a

trial date of February 1, 1999.  In June 1998, in response to

an interrogatory propounded by the defendants, the plaintiff stated that he had injured his neck and back in the accident and that he considered his "back injuries to be permanent." On December 11, 1998, the plaintiff filed a motion to amend his motions for judgment to increase each ad damnum clause from $50,000 to $150,000. The circuit court denied the motion. Subsequently, the plaintiff filed a motion to reconsider, or in the alternative, to grant him a nonsuit. The circuit court denied the motion.

On February 1, 1999, the date scheduled for trial, the plaintiff requested a continuance because he was ill. The circuit court granted the motion and set a new trial date for July 26, 1999. The plaintiff also requested permission to increase each ad damnum clause to $150,000. The circuit court did not grant the motion and entered an order dated February 17, 1999 stating that "the Court will not entertain any further motion by Plaintiff to Amend his Motion for Judgment to Increase his Ad Damnum Clause."

At the beginning of the jury trial in July 1999, the plaintiff again made a motion to amend the motion for judgment to increase each ad damnum clause to $150,000. The circuit court denied the motion. At the conclusion of the trial, the jury returned a verdict in favor of the plaintiff against all defendants jointly and severally in the amount of $150,000.

The circuit court entered a judgment in favor of the plaintiff in the amount of $50,000. The plaintiff appeals.

The plaintiff argues that the circuit court erred in denying his motion to amend the motions for judgment to increase each ad damnum clause. The plaintiff, relying upon Rule 1:8, argues that leave to amend pleadings should be liberally granted and that the defendants would not have been prejudiced had the circuit court granted his motion. Continuing, the plaintiff argues that had the circuit court permitted him to increase each ad damnum clause when it continued the trial date from February to July, the defendants would have had sufficient time to undertake any additional discovery had they so desired.

Responding, defendant Naimi asserts that the circuit court did not abuse its discretion in denying the plaintiff's motions. Naimi points out that the plaintiff was aware that his injuries were allegedly permanent at least four months before he filed his initial motion to amend the motions for judgment to increase each ad damnum clause. Defendants Castano and El Mercado contend that the circuit court properly denied the plaintiff's initial motion to amend the motions for judgment to increase each ad damnum clause because of the potential prejudice to the defendants, the plaintiff's purported history of avoidance and delay, and further

potential delay which would have occurred had the motion been granted. These defendants say that when the plaintiff filed his initial motion to amend the motion for judgment to increase each ad damnum clause, the trial date was rapidly approaching, and the plaintiff's failure to respond timely to discovery would have precluded the defendants from taking the discovery deposition of the plaintiff's treating physician without extending the discovery period.

Continuing, defendants Castano and El Mercado observe that circuit courts have the inherent right and duty to control their trial dockets and to ensure that cases proceed to conclusion in an orderly and predictable manner. These defendants contend that the circuit court properly denied the plaintiff's subsequent motions to amend his motions for judgment to increase each ad damnum clause, including the February 1, 1999 motion, because the circuit court's earlier rulings were "just and proper and no additional information was presented."

Rule 1:8 states in relevant part:

> "No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice."

We have consistently held that the decision to permit amendments of pleadings rests within the sound discretion of

4

the circuit court.  Adkins v. Dixon, 253 Va. 275, 279, 482 S.E.2d 797, 800, cert. denied, 522 U.S. 937 (1997); Brown v. Brown, 244 Va. 319, 324, 422 S.E.2d 375, 378 (1992).  When deciding whether to grant a motion to amend a motion for judgment to increase an ad damnum clause, a circuit court must consider whether the defendant will be prejudiced and whether such prejudice will affect the defendant's ability to have a fair trial.  The circuit court must also consider the plaintiff's right to be compensated fully for any damages caused by the defendant's acts or omissions.  On appeal, our review of the circuit court's decision to grant or deny a motion to amend a motion for judgment to increase the ad damnum clause is limited to the issue whether the circuit court abused its discretion.  See Hetland v. Worcester Mut. Ins. Co., 231 Va. 44, 46, 340 S.E.2d 574, 575 (1986).

The record in this case reveals that the plaintiff made motions to amend his motions for judgment to increase each ad damnum clause on several dates:  December 11, 1998; January 13, 1999; February 1, 1999; and July 26, 1999.  Because we are of the view that the circuit court abused its discretion in denying the plaintiff's motion to amend made on February 1, 1999, we need not consider whether the circuit court abused its discretion when denying the plaintiff's other motions.

On February 1, 1999, the plaintiff requested a continuance and leave to amend the motions for judgment to increase each ad damnum clause.  As we have already stated, on that date, the circuit court continued the trial until July 1999.  The defendants fail to explain, and the record does not show, how they would have been prejudiced had the circuit court permitted the plaintiff to increase the amount of each ad damnum clause after the trial date had been continued.  And, Rule 1:8 mandates that leave to amend shall be liberally granted in furtherance of the ends of justice.  Mortarino v. Consultant Engineering Services, 251 Va. 289, 295-96, 467 S.E.2d 778, 782 (1996).

We hold that the circuit court abused its discretion by denying the plaintiff's February 1, 1999 request to amend his motions for judgment to increase each ad damnum clause because there is no evidence that the defendants would have suffered any prejudice, and the amendment would have been in furtherance of the ends of justice.  We recognize, as defendants Castano and El Mercado observe, that a court must control its docket to avoid unnecessary delay to the litigants.  And, we expect that courts will adjudicate cases in a timely manner.  However, a litigant's right to a fair trial must not be made subordinate to the judiciary's efforts to control its docket.

Accordingly, we will affirm that portion of the judgment holding that the defendants are liable to the plaintiff. We will reverse that portion of the judgment that assesses the plaintiff's damages. We will remand this proceeding with directions that the circuit court permit the plaintiff to amend his motions for judgment to increase each <u>ad</u> <u>damnum</u> clause, and on remand, the plaintiff will be entitled to a trial on the issue of damages only.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.