# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Fariha Nasim Khan,
by her mother
and next friend,
Roohi Tahir

v.

Tabitha Washington
and Tahir Nasim

July 27, 2007

Case No. CL07002213

BY JUDGE LISA B. KEMLER

Following oral argument on July 11, 2007, I took under advisement Defendant Nasim's Motion to Dismiss and Plaintiff's Motion to File an Amended Complaint. For the reasons set forth below, the Defendant Tahir Nasim's Motion is denied and the Plaintiff is granted leave to file an amended complaint.

The relevant undisputed facts are as follows. On December 13, 2006, Plaintiff filed a warrant in debt against defendants Tabitha Washington and Tahir Nasim, in the General District Court, seeking $15,000 for injuries sustained in an automobile accident. On April 12, 2007, the General District Court entered judgment against Defendant Washington for $15,000. The court did not enter judgment against Defendant Nasim. Also on April 12, 2007, Defendant Washington noted her appeal.

On May 23, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint. Plaintiff seeks leave to increase the *ad damnum* clause to $30,000, noting that this case is now in Circuit Court and Plaintiff has sustained a permanent scar on her forehead.

On July 18, 2007, Defendant Nasim filed a Motion to Dismiss by special appearance. Defendant Nasim argues that he is not a party to the action in the Circuit Court. The General District Court entered judgment against Defendant Washington and in favor of Defendant Nasim. Defendant Washington appealed only the judgment against her. Neither Plaintiff nor Defendant Nasim appealed the judgment in favor of Defendant Nasim. Additionally, Defendant Nasim argues he would be prejudiced by Plaintiffs request for an increase in the *ad damnum* clause.

An appeal from the general district court entitles the appellant to a trial de novo. Virginia Code § 16.1-106, § 16.1-113 and § 16.1-114.1. The effect of such an appeal is to completely nullify the effect of the district court judgment. *Commonwealth v. Diaz*, 266 Va. 260, 266, 585 S.E.2d 552, 555 (2003). It is as if no judgment was rendered in the case and the rights of the parties are the same as they were prior to the general district court judgment. *Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 99, 184 S.E. 457, 458-59 (1936) (citing *Turner v. Northcut*, 9 Mo. 251 (1845)); see also *Addison v. Salyer*, 185 Va. 644, 650, 40 S.E. 2d 260, 262-64 (1946). Thus, regardless of the finding of the lower court, the appropriate circuit court has appellate jurisdiction over all the parties to the pending case.

Accordingly, Defendant's Motion to Dismiss is denied. Defendant Nasim was a party to the case in the General District Court. The case has now been appealed to the Circuit Court. The lower court finding has been eradicated, and this Court has jurisdiction over all parties.

As to Plaintiff's request to increase the *ad damnum* clause, Virginia Code § 16.1-114.1 provides, in pertinent part:

> In any case where an appeal is taken by a defendant, the circuit court may direct amendments to increase the amount of the claim above the jurisdictional amount set forth in § 16.1-77. This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.

As to Plaintiff's request to amend the Complaint, Rule 1:8 of the Rules of the Supreme Court of Virginia states, in relevant part:

> No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice.

When deciding whether to grant a motion to amend a complaint to increase an *ad damnum* clause, a circuit court must consider whether the defendant will be prejudiced and whether such prejudice will affect the defendant's ability to have a fair trial. The circuit court must also consider the plaintiff's right to be compensated fully for any damages caused by the defendant's acts or omissions. *Peterson v. Castano*, 260 Va. 299, 302-03, 534 S.E.2d. 736, 738-39 (2000) (citing *Adkins v. Dixon*, 253 Va. 275, 279, 482 S.E.2d 797, 800, *cert. denied*, 522 U.S. 937, 118 S. Ct. 348, 139 L. Ed. 2d 270 (1997)); *Brown v. Brown*, 244 Va. 319, 324, 422 S.E.2d 375, 378 (1992)).

Plaintiff's Motion is granted. There is no showing that either defendant will be prejudiced by an amendment increasing the *ad damnum* clause in this case. Defendant Washington chose to appeal the lower court's judgment. Although neither the Plaintiff nor Defendant Nasim sought an appeal, such is the nature of the appeal system. Defendant Washington has exercised her statutory right to have a trial de novo. Accordingly, Plaintiff has exercised her right to seek an amendment in an attempt to procure full compensation for damages suffered. This is also Plaintiff's first request to amend the Complaint. Finally, trial is more than six months away. Thus, the parties have ample time to prepare based on the increased *ad damnum* clause.