Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Goodwyn, JJ., and Lacy, S.J.

SHERMAN WHITAKER

v.  Record No. 071197                    OPINION BY SENIOR JUSTICE
                                              ELIZABETH B. LACY
                                              June 6, 2008
HEINRICH SCHEPERS GMBH & CO. KG

           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     James A. Cales, Jr., Judge

     In this appeal we consider whether the trial court abused

its discretion in denying the plaintiff's motion to amend his

ad damnum clause.

                         FACTS and PROCEEDINGS

     On August 14, 2002, Sherman E. Whitaker was injured while

working as a longshoreman on a boat docked in Portsmouth,

Virginia and owned by Heinrich Schepers GMBH & Co. KG, a

German corporation (Heinrich).  On January 30, 2004, Whitaker

filed a motion for judgment in the Circuit Court of the City

of Portsmouth alleging Heinrich's negligence caused Whitaker's

injuries and seeking damages of $74,000.  In answers to

interrogatories filed on April 26, 2004, Whitaker stated that

his damages exceeded $74,000, but he did not seek to amend the

ad damnum clause of his motion for judgment.  Whitaker

supplemented these answers on October 14, 2004, again

indicating that his damages exceeded $74,000.

In November 2004, Heinrich asked Whitaker to stipulate that his damage claim was limited to $74,000. Whitaker declined to make the requested stipulation. On December 14, 2004, Heinrich filed a notice of removal in the United States District Court for the Eastern District of Virginia based on diversity and because "the amount in controversy now exceeds $75,000." See 28 U.S.C. § 1332(a) (2000). Whitaker filed a motion to remand the case to the state court asserting that Heinrich's notice of removal was untimely. Whitaker argued that the April 26 interrogatory answers put Heinrich on notice that the damage claim exceeded $74,000 and therefore, under 28 U.S.C. § 1446(b) (2000) Heinrich was required to file its notice of removal within 30 days of that date. Prior to any hearing on either party's motion, Heinrich agreed to a consent order remanding the case to the state court.

In December 2005, Whitaker filed a motion to amend his ad damnum clause to $2.5 million. The trial court denied that motion and Whitaker's motion for reconsideration. Whitaker sought to amend the ad damnum clause again in June 2006, and the trial court again denied that motion, finding that the original motion for judgment seeking damages of only $74,000 was filed in bad faith because it deliberately pled "damages below the jurisdictional amount with the intention of evading federal jurisdiction" and that Heinrich would be prejudiced by

2

this bad faith action.  The trial court granted Whitaker leave to file a petition for interlocutory appeal pursuant to Code § 8.01-670.1.  This Court declined to grant the interlocutory appeal and dismissed the petition for appeal by order entered on January 9, 2007.  Whitaker v. Heinrich Schepers GMBH & Co. KG, Record No. 061672 (January 9, 2007).

On February 22, 2007, Whitaker filed another motion to increase the ad damnum clause to $5,000,000, which motion was again denied by the trial court on the ground previously stated.  Whitaker then chose to have the matter tried by the court rather than by a jury.  After Whitaker presented his evidence, Heinrich asked that summary judgment be entered in Whitaker's favor and that damages be awarded in the amount requested in the ad damnum clause, $74,000.  In response, Whitaker argued that his evidence established damages in excess of $74,000, and requested that the court either grant his renewed request to amend the ad damnum clause, or enter judgment for an amount "that would fairly and reasonably compensate Mr. Whitaker for his injuries."  The trial court denied Heinrich's summary judgment motion and Whitaker's motions, but entered judgment in favor of Whitaker for $74,000.  Whitaker timely appealed to this Court.

DISCUSSION

3

In deciding whether to grant the amendment of a pleading to increase the amount sought in the ad damnum clause, "a circuit court must consider whether the defendant will be prejudiced" by allowing the amendment, and "whether such prejudice will affect the defendant's ability to have a fair trial." Peterson v. Castano, 260 Va. 299, 303, 534 S.E.2d 736, 738 (2000). In addition, the circuit court must consider "the plaintiff's right to be compensated fully for any damages caused by the defendant's acts or omissions." Id. This decision rests within the discretion of the circuit court and our review on appeal is limited to whether the circuit court abused its discretion. Id.

Whitaker argues that the factual premise upon which the trial court relied in determining prejudice was erroneous and, thus, the trial court abused its discretion in denying the motion to amend the ad damnum clause. Whitaker also argues that Heinrich would not have been prejudiced by the amendment to the ad damnum clause in December 2005 because Heinrich had been aware of the increased damage claim since April 26 or October 14, 2004, no discovery had been taken, the discovery deadline was March 24, 2006, the period afforded for expert designation had not expired, and trial was set for April 26, 2006. Therefore, Whitaker asserts that allowing him to amend his ad damnum clause would not have prejudiced Heinrich's

4

ability to have a fair trial and that refusing the motion denied Whitaker the ability to be fully compensated for his losses.

Because the denial of a motion to amend is based on a finding of prejudice to the defendant, we begin by reviewing the prejudice the trial court found in this case. The trial court determined that the "[d]efendant would be prejudiced from plaintiff's bad faith conduct in deliberately pleading damages below the jurisdictional amount with the intention of evading federal jurisdiction by virtue of the pleading."[1] Stated another way, the trial court found that Heinrich was prejudiced because Whitaker intentionally declined to increase the ad damnum clause until after Heinrich's right to remove the case to federal court "evaporated."

Under 28 U.S.C. § 1446(b), a litigant may remove a case to federal court if there is diversity of citizenship between the litigants and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Notice of removal must be filed within 30 days of the filing of the original pleading or any "other paper" indicating that the amount sought in damages exceeds $75,000. 28 U.S.C. § 1446(b). The case is removed to

---

[1] Although the trial court stated that Whitaker's counsel engaged in bad faith conduct, neither Heinrich nor the trial court, sua sponte, suggested that sanctions for such conduct should be imposed under Code § 8.01-271.1.

federal court upon filing the notice of removal but may be remanded to the state court if the conditions for removal are not met. 28 U.S.C. § 1446(d). In construing this provision, federal courts have not limited the amount in controversy to the amount requested in the plaintiff's ad damnum clause. The amount in controversy for purposes of removing a case to federal court can be determined from the "totality of the circumstances," including answers to interrogatories. See Schwenk v. Cobra Mfg. Co., 322 F.Supp.2d 676, 678 (E.D. Va. 2004); Lien v. H.E.R.C. Prods., Inc., 8 F.Supp.2d 531, 534 (E.D. Va. 1998); see also Van Gosen v. Arcadian Motor Carriers, 825 F.Supp. 981, 982 (D. Kan. 1993) (answers to interrogatories can constitute an "other paper" under 28 U.S.C. § 1446(b) giving notice that a state court action has become removable); accord Smith v. International Harvester, 621 F.Supp. 1005, 1006-08 (D. Nev. 1985).

In this case, Whitaker sent Heinrich answers to interrogatories on April 26, 2004, which indicated that his damages were likely to exceed $75,000. Specifically, Whitaker stated that he had incurred lost wages of $57,031.11 and future lost wages of $452,364.12. The interrogatory answers also indicated that his injuries would require continued treatment and future surgery. In supplemental answers served on Heinrich on October 14, 2004, Whitaker stated that his

6

claimed future and past medical expenses totaled $119,070.32. Although Heinrich received "other papers" indicating the damages claimed exceeded $75,000, it did not file a notice of removal with the federal court until December 14, 2004, well beyond the 30-day limitations period available to him under 28 U.S.C. § 1446(b). Furthermore, Heinrich's counsel signed an agreed consent order remanding the case to the Circuit Court of the City of Portsmouth and stated to that court and to this Court in oral argument that, although he had notice of the increased damage claim, he failed to timely file the notice of removal in federal court.

This record demonstrates that Whitaker's actions did not cause Heinrich's right to remove the case to federal court to "evaporate" as stated by the trial court. Rather, Heinrich's inability to remove the case to the federal court resulted from its failure to timely file a notice of removal. Therefore, the trial court's finding of prejudice was based on an incorrect factual premise and denying Whitaker's motion to amend the ad damnum clause on this basis was an abuse of discretion.[2] Nothing in this record indicates any other

---

[2] In resolving this issue we need not consider whether precluding the ability to remove a case to federal court would constitute prejudice to the defendant under Peterson, 260 Va. at 303, 534 S.E.2d at 738.

prejudice that Heinrich would have suffered if Whitaker's motion to amend the ad damnum clause had been granted.

Accordingly, the judgment of the trial court must be reversed and the case remanded for further proceedings.[3] The further proceedings, however, will be limited to the issue of damages, as the trial court's decision on liability has not been challenged by either party.

<u>Reversed in part and remanded.</u>

---

[3] In light of our decision we need not consider Whitaker's remaining claim that the denial of his motion to amend denied his right to have the amount of damage determined by a jury.