COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


ALISA M. COSTANZO

MEMORANDUM OPINION[*] BY
v.        Record No. 0174-08-2           JUDGE CLEO E. POWELL
                                         FEBRUARY 3, 2009
VINCENT J. COSTANZO


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Henry W. McLaughlin (Adonica Baine; Central Virginia Legal Aid
Society, Inc., on briefs), for appellant.

Neil Kuchinsky (Kuchinsky & Yeamans, P.C., on brief), for
appellee.


Alisa M. Costanzo (wife) appeals the December 20, 2007 final decree granting Vincent J.

Costanzo (husband) a divorce on the ground that the parties lived separate and apart for a period

of more than one year.  In the final decree, the trial court found that the Chesterfield Juvenile and

Domestic Relations District Court had adjudicated the issues of child custody, visitation, and

support.  On appeal, wife contends the trial court erred in (1) refusing to grant her leave to amend

her answer, and (2) granting husband a divorce without retaining jurisdiction over the issue of

equitable distribution.[1]  We reverse the trial court's refusal to grant wife leave to amend her

answer and remand for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband filed a motion to dismiss this appeal arguing that wife did not file a "bond form" with the trial court when she paid $500 that she intended to be her appeal bond.  Code § 8.01-676.1(A) states, in pertinent part, that a party filing a notice of appeal of right must simultaneously file "an appeal bond or irrevocable letter of credit in the penalty of $500 . . . conditioned upon paying all costs and fees incurred in the Court of Appeals and the Supreme Court if it takes cognizance of the claim."

I.  PROCEDURAL BACKGROUND

The parties married on June 28, 1987, and separated on November 5, 2005.  On July 19, 2007, husband filed a bill of complaint seeking a "no fault" divorce based on the separation of the parties and served this complaint on wife on July 24, 2007.

Wife, *pro se*, filed a handwritten answer on August 1, in which she admitted each paragraph alleged by husband, and she asked the trial court to review both child and spousal support.  On August 14, wife delivered to the circuit court a document entitled "Amended Answer to Complaint" in which she asked the trial court for the equitable distribution of property.  She also mailed a copy to husband's counsel.  She did not request leave from the trial court to amend her previously filed answer.  Husband conducted his depositions, which wife attended, on August 30, 2007.

On November 15, the trial court received a letter from an attorney with Central Virginia Legal Aid Society, Inc. notifying the court that he now represented wife.  Counsel for husband was also notified.  In this letter, wife's counsel informed the court that he had contacted husband's counsel to seek agreement to withdraw a hearing date scheduled for November 30th that wife had requested *pro se*.  Husband's counsel refused and stated that she intended to keep the date open because she intended to give notice for entry of a final decree.  Counsel for wife asked the court to remove the case from the docket.

---

The Code further dictates that the appeal bond shall substantially conform to the form published in the Rules of Court.  Code § 8.01-676.1(I).  Appellate courts presume that public officials have acted correctly.  Hladys v. Commonwealth, 235 Va. 145, 148, 366 S.E.2d 98, 100 (1988).  The Clerk of the Chesterfield Circuit Court accepted wife's check for $500 as payment for her civil bond on January 28, 2008.

Moreover, Rule 5A:17(b) provides that "[n]o appeal shall be dismissed because of defect in any bond . . . unless an appellee, within 21 days after the giving of such notice, files with the clerk of the Court of Appeals a statement in writing of the defects in the bond . . . ."  Counsel for appellee failed to object in a timely fashion.  As wife timely filed bond, the record lacks evidence that the clerk acted incorrectly, and husband failed to timely object, we deny husband's motion to dismiss this appeal.

Counsel for husband filed a notice for motion for entry of a final decree of divorce on November 21, 2007. On November 26, wife's counsel filed a motion for leave to amend her answer to the complaint, a proposed order adopting wife's previously submitted amended answer as the amended answer, and an objection to the entry of the final decree because, she argued, there were still pending issues.

At the hearing on November 30, wife's counsel asked the trial court to grant her leave to amend her answer and to allow the August 14th document to serve as the properly amended answer and to withhold entering a final decree. In the alternative, wife's counsel asked the court to enter the final divorce decree but reserve jurisdiction over the equitable distribution of property. Counsel for husband asked the trial court to deny wife's request for leave to amend because such amendment would cause "delay in the case, the [sic] additional issues to be litigated, all of those things would create a hardship . . ." for husband.

The trial court denied wife's request for leave to amend and refused to retain jurisdiction over the equitable distribution of property after entering the final divorce decree. This appeal followed.

## II. LEAVE TO AMEND WIFE'S PREVIOUSLY FILED ANSWER

Wife argues that the trial court abused its discretion in not granting her leave to amend her answer to husband's complaint in lieu of entering a final decree because granting her leave to amend would not prejudice him and was not merely a way to avoid trial. We agree.[2]

It is within the sound discretion of the trial court whether to grant leave to amend pleadings. Ogunde v. Prison Health Services, Inc., 274 Va. 55, 67, 645 S.E.2d 520, 527 (2007)

---

[2] In the alternative, wife asserts that the trial court abused its discretion in failing to retain jurisdiction over the issue of equitable distribution after entering the final decree. As we find that the trial court abused its discretion in not allowing wife leave to amend her previously filed answer, we need not address this issue on appeal.

(citing Kole v. City of Chesapeake, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994)). "Leave to amend shall be liberally granted in furtherance of the ends of justice." Rule 1:8. Although amendments are not a matter of right, a trial court's decision refusing leave to amend after a showing of good cause is an abuse of discretion in ordinary circumstances. Ford Motor Company v. Benitez, 273 Va. 242, 252, 639 S.E.2d 203, 208 (2007). Good cause can exist where a party has not previously sought to amend her pleadings, a request was timely made, and nothing in the amendments suggest that the non-moving party would be prejudiced. Ogunde, 274 Va. at 67, 645 S.E.2d at 527.

The "circuit court must consider whether the [non-moving party] will be prejudiced and whether such prejudice will affect the [non-moving party's] ability to have a fair trial." Peterson v. Castano, 260 Va. 299, 303, 534 S.E.2d 736, 738 (2000). The court may also consider whether the request to amend is to avoid or unnecessarily delay the trial. Ogunde, 274 Va. at 67, 645 S.E.2d at 527. Our Supreme Court has previously concluded that a circuit court abuses its discretion when it denies a motion to amend where there is "no evidence that the [non-moving parties] would have suffered any prejudice, and the amendment would have been in furtherance of the ends of justice." Peterson, 260 Va. at 303-04, 534 S.E.2d at 739.

Here, wife has not previously sought to amend her pleadings nor is there anything in the record to suggest that she sought to amend her answer as a means to avoid trial. Indeed, she initially attempted, albeit incorrectly, to amend her answer within twenty-one days of being served the complaint that husband filed. Moreover, husband's assertion that he would be prejudiced by an amendment because he would have to pay his attorney more and the amendment would delay the divorce is meritless. A party filing for a divorce where no property settlement agreement has been entered into ought to be prepared to litigate the equitable distribution of marital property. See Code § 20-107.3. Adopting husband's argument as to

- 4 -

prejudice would effectively preclude amendments to pleadings because granting leave to amend inevitably causes further litigation that costs more money and takes additional time.  Therefore, we find that neither the record nor husband demonstrates that he would have been prejudiced if wife had been granted leave to amend her answer.

## III.  CONCLUSION

For these reasons, we find that the trial court abused its discretion by denying wife's request to amend her previously filed answer.  Therefore, we reverse and remand the trial court's judgment for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>