Present:   All the Justices

HEINRICH SCHEPERS GMBH & CO., KG

v.  Record No. 091840              OPINION BY
                          CHIEF JUSTICE LEROY ROUNTREE HASSELL, SR.
SHERMAN WHITAKER                    November 4, 2010

        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   James C. Hawks, Judge[1]

                              I.

     In this appeal we consider whether a plaintiff, who had

waived his right to a jury during a prior trial, was entitled

to a jury upon the reversal of the judgment in the prior trial

and a remand of the proceedings to the circuit court for a

trial limited to the issue of damages.

                              II.

     This is the second occasion in which this case is before

this Court.  Sherman E. Whitaker was injured when working as a

longshoreman on a boat docked in Portsmouth, Virginia.  The

boat was owned by Heinrich Schepers GmbH & Co., KG, a German

corporation (Heinrich).

     Whitaker filed a motion for judgment in the Circuit Court

of the City of Portsmouth, alleging that Heinrich's negligence

caused his injuries.  Whitaker sought damages of $74,000, in an

effort to prevent Heinrich from removing the action filed in

_____
    [1] Judge J. A. Cales, Jr., made the ruling that is the
subject of this appeal, even though Judge Hawks entered the
final judgment of $5 million in favor of the plaintiff.

the circuit court to the United States District Court for the Eastern District of Virginia based on diversity jurisdiction. See 28 U.S.C. § 1332(a) (2000). Heinrich filed its notice of removal to the federal district court late. Heinrich signed a consent order that remanded the case to the Circuit Court of the City of Portsmouth.

Subsequently, Whitaker filed a motion to amend his ad damnum clause from $74,000 to $2.5 million. The circuit court denied the motion and ruled that the original motion for judgment seeking damages of only $74,000 was filed in bad faith because the ad damnum clause was below the federal diversity jurisdictional amount of $75,000 for the purpose of evading federal court jurisdiction, and that Heinrich was prejudiced by this bad faith action.

We denied Whitaker's petition for an interlocutory appeal pursuant to Code § 8.01-670.1. Whitaker v. Heinrich Schepers GMBH & Co. KG, Record No. 061672 (January 9, 2007). Thereafter, Whitaker filed another motion to increase the ad damnum clause to $5 million, and the circuit court denied the motion for the reasons previously stated. Whitaker then requested to try the case before the court, rather than before a jury, because his damages were in excess of the ad damnum clause of $74,000, and Whitaker argued that the court should either grant his renewed request to amend the ad damnum clause,

2

or enter a judgment for an amount that "would fairly and reasonably compensate Mr. Whitaker for his injuries."

The following colloquy occurred during the first trial among the circuit court and counsel:

"THE COURT:  I think for the record there are two things I can do so you don't have to. I'm going to note your continuing objection to my failure to allow you to increase the [ad damnum].

"[WHITAKER'S COUNSEL]:  Yes, sir.  Thank you.

"THE COURT:  And I think also, as I understood what you said the other day, and I think we should put this on the record, the only reason we're not going with a jury is because of that ruling, and I think you should put your position on the record just to protect your position.

"[WHITAKER'S COUNSEL]:  Yes, sir.  We're proceeding without a jury today by agreement of counsel that this is a case that has [an] extensive number of witnesses, extensive amount of medical testimony and extensive amount of wage and expert testimony, and in lieu of going through all that procedure, since it appears as though the amount sued for is going to limit us, that in the present posture of the case, we have agreed to put on the evidence in this case to establish negligence, proximate cause and damages.  Because, as the case presently stands, regardless of what the Court finds, it can only enter judgment in an amount sued for, and, therefore, we are preserving our position with respect to that objection [by] putting on evidence at [trial] sufficient for the Court to make rulings and decisions on those issues.

"THE COURT:  But for that ruling, you would be requesting a jury?

"[WHITAKER'S COUNSEL]:  Absolutely.

3

"[HEINRICH'S COUNSEL]: Your Honor, briefly, I'm in agreement with [Whitaker's counsel] to the extent this Court's rulings are abundantly clear and the reasons for [that] are contained in the record and we don't need to rehash that. Suffice it to say that, in light of the fact that the plaintiff has sued for $74,000 and in light of the fact that the Supreme Court has denied the petition for interlocutory appeal, essentially validating Your Honor's prior rulings on this issue, then it is my client's intention – let me put it this way: My client is not going to contest. They're willing to have judgment entered against them for $74,000, and in light of the interest of judicial economy as well as the savings and convenience of the various witnesses, we have agreed not to put on any evidence, and, essentially, for that reason we will not be contesting liability knowing that the judgment is limited to the amount sued for, $74,000.

During this colloquy, counsel for Heinrich did not inform the court that it was waiving its right to a jury trial in this proceeding based upon any agreement with opposing counsel.

Heinrich made a motion for the entry of summary judgment against itself, but the court considered evidence and entered judgment in favor of Whitaker for $74,000. Whitaker appealed the judgment to this Court.

A.

In Whitaker v. Heinrich Schepers GMBH & Co. KG, 276 Va. 332, 661 S.E.2d 828 (2008), this Court observed that Whitaker had sent Heinrich answers to interrogatories in April 2004 that indicated his damages were in excess of $75,000. For example, Whitaker stated that he had incurred lost wages in excess of

4

$57,000, and he expected to incur future lost wages in excess of $450,000.  We noted that "[a]lthough Heinrich received 'other papers' indicating the damages claimed exceeded $75,000, it did not file a notice of removal with the federal court until December 14, 2004, well beyond the 30-day limitations period available to him under 28 U.S.C. § 1446(b)."  Id. at 337, 661 S.E.2d at 830.

We held: "[T]he [circuit] court's finding of prejudice was based on an incorrect factual premise and denying Whitaker's motion to amend the [ad damnum] clause on this basis was an abuse of discretion."  Id. at 338, 661 S.E.2d at 830.  We reversed the judgment of the circuit court, and we remanded the case so that Whitaker would have the opportunity to amend the ad damnum clause.  Id. at 338, 661 S.E.2d at 830-31.

We specifically stated in our opinion that, "[i]n light of our decision we need not consider Whitaker's remaining claim that the denial of his motion to amend denied his right to have the amount of damage determined by a jury."  Id. at 338 n.3, 661 S.E.2d at 831 n.3.  We also held that further proceedings in this case "will be limited to the issue of damages, as the [circuit] court's decision on liability [was] not . . . challenged by either party."  Id. at 338, 661 S.E.2d at 831.

During the first trial, Whitaker argued that the circuit court's denial of his motion to increase the ad damnum violated

5

his constitutional right to a jury trial. Additionally, in his brief to this Court after the first trial, Whitaker argued: "Because he was limited to a verdict of $74,000 under the [circuit] court's order, Whitaker was denied the right to have a jury determine his actual damages. Because this was a violation of Whitaker's constitutional right, this Court should reverse the [circuit] court's [judgment]."[2] Interestingly, in its brief filed with this Court after the first trial, Heinrich did not argue that Whitaker had waived his right to a jury trial, even though Heinrich's brief contained a discussion of the right to a jury trial.

Assuming that Heinrich questioned the legal conclusions in our decision in Whitaker, supra, Heinrich did not file a petition for a rehearing requesting this Court to reconsider its holding on liability and the Court's conclusion that the Court would not consider Whitaker's claim that he was entitled to demand a jury trial if this Court permitted him to increase the ad damnum clause.

B.

---

[2] We note that in Virginia, the right to a trial by jury is sacred. Va. Const. art. I, § 11 ("in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred"); Code § 8.01-336; see also Commonwealth v. Williams, 262 Va. 661, 670, 553 S.E.2d 760, 764 (2001).

6

Upon remand, Heinrich made a motion to strike Whitaker's demand for a jury trial. Heinrich's counsel stated that "Whitaker offered to waive his right to trial by jury in exchange for Heinrich's concession of liability."

Responding, Whitaker stated:

"The issue that [Heinrich] raises is one of waiver. The Supreme Court has remanded this case on the issue of damages, and, therefore, the Court has jurisdiction on the issue of damages. And under those circumstances, a renewed request for a jury trial is proper under the mandate of the Supreme Court.

"The plaintiff demands a jury trial on the issue of damages. We have a statutory and constitutional right to a jury trial on the issue of damages, and there was no waiver in this case.

"The transcript of the previous proceeding, which I have attached to my motion, of this trial, which took place on March 7th, 2007, is very clear. In fact, it can't be any clearer. The Court, [on] page three, said[:] ['A]nd I think also as I understood what you said the other day – and I think we should put this on the record – the only reason we are not going with a jury is because of that ruling [on amending the ad damnum clause], and I think you should put . . . your position on the record just to protect your position.[']

"It was the Court who was protecting plaintiff's right to a jury trial. And the Court went on to protect the plaintiff's right to a jury trial on the next page [when] the Court said: [']But for that ruling, you would be requesting a jury.[']

. . . .

"And under the circumstances I have protected that right. There is no waiver. I made clear at the previous trial that I was absolutely demanding a trial for a jury, but for the previous rulings of the Court, which made

judicial economy and the reasons to expedite that proceeding very clear to the Court.  It was very clear on the record.  There is no waiver.  We request a trial by jury."

Heinrich's counsel argued in the circuit court that once a litigant waives the right to a jury and the case is remanded, the waiver remains intact.  Rejecting Heinrich's position, the circuit court ruled:

> "Well, my problem is . . . the understanding that I had throughout, and I think it's clear from the record.  I don't know what understanding you had.  I don't know what – I believe it was the same understanding [Whitaker's counsel] had.  I don't know – I can't go into your mind and know what understanding you had, but, clearly, that the waiver was one of accommodation and conditioned on my ruling being correct.
> "I just don't think it was a clear waiver. I don't think it was a waiver that was meant to go beyond that particular proceeding.  I think the idea of the waiver, and my understanding throughout the whole thing that – and if I got reversed, that it would be a jury trial.  I had no question in my mind until I got your motion, honestly.
> "And I think it's skilled lawyering on your part.  I think you should follow it up and maybe you'll get me twice on the same case, and I will be famous for that.
> "I really do believe that [Whitaker's counsel] protected his client's right to a trial by jury.  And I'm going to overrule your motion."

Therefore, a jury trial was held in which Whitaker was awarded a judgment in the amount of $5 million.  We granted Heinrich an appeal.

### III.

Heinrich assigns the following error on appeal:

8

> "The trial court abused its discretion in denying Heinrich's Motion to Strike the Jury Demand after remand, since Whitaker had previously agreed to waive his jury right in exchange for Heinrich's agreement to forego its defense on the issue of liability."

Heinrich's assignment of error does not reflect the circuit court's ruling, and hence, the assignment of error is barred by Rule 5:17(c) that requires an appellant to assign error to the specific ruling of the circuit court. Covel v. Town of Vienna, 280 Va. 151, 163, 694 S.E.2d 609, 616 (2010); Smith v. Mountjoy, 280 Va. 46, 52-53 n.4, 694 S.E.2d 598, 602 n.4 (2010). In State of Maine v. Adams, 277 Va. 230, 241-42, 672 S.E.2d 862, 868 (2009), this Court held: "A party who asks this Court to consider whether a circuit court's holding was erroneous is required to assign error to the challenged holding so that it may be identified properly for our consideration." The circuit court did not rule, contrary to Heinrich's assignment of error, that the right to a jury trial, once waived, could only be reinstated upon the circuit court's exercise of discretion nor did it find that Whitaker had previously agreed to waive his right to a jury trial in exchange for Heinrich's agreement to forego its defense on the issue of liability. Thus, Heinrich's assignment of error lacks legal efficacy.

9

As we have already noted, the circuit court's actual legal ruling upon remand, which is unchallenged, was that Whitaker's waiver of his right to a jury trial was limited to the first trial.

We have stated that:

> "Waiver is the voluntary and intentional abandonment of a known legal right, advantage, or privilege. Weidman v. Babcock, 241 Va. 40, 45, 400 S.E.2d 164, 167 (1991); Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). The essential elements of waiver are knowledge of the facts basic to the exercise of the right and intent to relinquish that right. Weidman, 241 Va. at 45, 400 S.E.2d at 167; Fox, 234 Va. at 425, 362 S.E.2d at 707. Waiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice. Weidman, 241 Va. at 45, 400 S.E.2d at 167; May v. Martin, 205 Va. 397, 404, 137 S.E.2d 860, 865 (1964)."

Chawla v. BurgerBusters, Inc., 255 Va. 616, 622-23, 499 S.E.2d 829, 833 (1998); see also Baumann v. Capozio, 269 Va. 356, 360, 611 S.E.2d 597, 599 (2005); Virginia Tech. v. Interactive Return Service, 267 Va. 642, 651-52, 595 S.E.2d 1, 6 (2004); Stuarts Draft Shopping Ctr. v. S-D Assoc., 251 Va. 483, 489-90, 468 S.E.2d 885, 889-90 (1996); Coleman v. Nationwide Life Ins. Co., 211 Va. 579, 583, 179 S.E.2d 466, 469 (1971); May v. Martin, 205 Va. 397, 404, 137 S.E.2d 860, 865 (1964).

We have also held that:

> "Essential elements of the doctrine [of waiver] are both knowledge of the facts basic to

the exercise of the right and the intent to relinquish that right. . . . A waiver of legal rights will be implied only upon clear and unmistakable proof of the intention to waive such rights; the essence of waiver is voluntary choice. May v. Martin, 205 Va. 397, 404, 137 S.E.2d 860, 865 (1964)."

Weidman, 241 Va. at 45, 400 S.E.2d at 167.

We observed over a century ago that "[n]o [person] can be bound by a waiver of his rights, unless such waiver is distinctly made, with full knowledge of the rights which he intends to waive; and the fact that he knows his rights, and intends to waive them, must plainly appear." Wilson v. Carpenter, 91 Va. 183, 192, 21 S.E. 243, 246 (1895). We have also held that: "Usually, proof of waiver is a question for the trier of fact." Management Enterprises v. The Thorncroft Co., 243 Va. 469, 474, 416 S.E.2d 229, 232 (1992).

The record in this appeal supports the circuit court's finding that Whitaker intended to limit his waiver of a jury trial only to the first trial. The same circuit court judge presided over both hearings in each trial related to the jury waiver issues. Heinrich does not challenge the facts that support the circuit court's finding of a limited waiver.

As we have already stated, the circuit court ruled:

"I just don't think it was a clear waiver. I don't think it was a waiver that was meant to go beyond that particular proceeding[, the first trial]. I think the idea of the waiver, and my understanding throughout the whole thing [is]

11

that – and if I got reversed, that it would be a jury trial.  I had no question in my mind . . . ."

Simply stated, the circuit court made an unchallenged factual finding that the waiver of the right to a jury trial was limited to the first trial, and as the Court of Appeals stated in Mitchell v. Commonwealth, 30 Va. App. 520, 529, 518 S.E.2d 330, 334 (1999): "A limited waiver, by its terms, will limit or specify the period to which it applies."  Accordingly, the circuit court properly held that Whitaker was entitled to demand a jury trial in the proceeding held upon remand.

Heinrich's remaining arguments are either without merit or procedurally barred because they were not raised in the circuit court.

For the reasons stated above, we will affirm the judgment of the circuit court.

Affirmed.