MIGUEL A. RAMIREZ, Appellant, v. MORGAN D. HARRIS, individually and in his official capacity as Public Defender of Clark County; MICHAEL L. MILLER, individually and in his official capacity as Deputy Public Defender, Respondents.

No. 19953

May 18, 1989            773 P.2d 343

*Miguel A. Ramirez,* In Proper Person, Appellant.

*Edwards, Hunt, Hale & Hansen,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant is a prisoner incarcerated in the Nevada State Prison in Carson City. Respondent Morgan D. Harris is the Public Defender of Clark County, and respondent Michael L. Miller is a Deputy Public Defender employed by Clark County. On July 26,

1988, appellant filed in the district court a complaint alleging that respondents were appointed to represent him in a criminal matter. Appellant further alleged that respondents represented him in a negligent manner, and that he was convicted of a felony offense as a result of the allegedly negligent representation.[1] Therefore, appellant sought damages for malpractice and for violation of his civil rights. The complaint also requested that the district court disbar respondents.

Respondents filed a motion to dismiss the complaint pursuant to NRCP 12(b)(5), for failure to state a claim upon which relief could be granted. In response, appellant filed a motion to amend the complaint. On January 24, 1989, the district court granted respondents' motion to dismiss and denied appellant's motion to amend the complaint. This appeal followed.

Initially, we note that a public defender cannot be held vicariously liable for the negligence of his deputies. *See* Sanchez v. Murphy, 385 F.Supp. 1362 (D.Nev. 1974). Therefore, appellant could not state a claim against respondent Harris. We also note that NRS 41.032(2) precludes the maintenance of a lawsuit against an officer or employee of the state or its political subdivisions which is.

> [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

Moreover, NRS 41.0307(4)(b) defines the terms "public officer" and "officer" to include "[a] public defender and any deputy or assistant attorney of a public defender." Thus, respondents cannot be sued for malpractice arising out of discretionary decisions that they made pursuant to their duties as public defenders. Under these circumstances, we conclude that appellant could not state a cause of action for malpractice against respondents. Therefore, the district court properly dismissed appellant's cause of action for negligent representation.

Moreover, we note that public defenders, although paid by the state, do not act "under color of state law." *See* Polk County v. Dodson, 454 U.S. 312 (1981). Appellant's complaint did not allege that respondents engaged in a conspiracy with the state to

---

[1]There is nothing in the record that affirmatively discloses the nature of the crime or crimes for which appellant was convicted.

deprive appellant of his civil rights. Therefore, the district court did not err when it determined that appellant's complaint failed to state a claim under 42 U.S.C. § 1983 for violation of appellant's civil rights. *See* Tower v. Glover, 467 U.S. 914 (1984). Thus, the district court did not err when it dismissed appellant's civil rights claim against respondents.

Finally, we note that the district courts lack jurisdiction to impose professional discipline on any attorney in the state. *See* SCR 99-116. Thus, the district court properly dismissed appellant's request to disbar respondents.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that the district court did not err when it dismissed appellant's complaint. Further, we conclude that under the circumstances of this case, the district court did not abuse its discretion when it denied appellant's motion to amend his complaint. Finally, we conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we affirm the judgment of the district court.