*1026
 
 OPINION
 

 Per Curiam:
 

 These appeals are from orders of the district courts in favor of respondents in actions for legal malpractice against former criminal defense counsel. Docket number 24958 is a proper person appeal from an order of the district court granting the respondent’s motion for summary judgment. Docket number 25215 is a proper person appeal from an order of the district court dismissing the appellant’s complaint. Both appeals raise questions of first impression in Nevada regarding legal malpractice actions brought by criminal defendants against the attorneys who represented them in criminal proceedings.
 
 [1]
 
 We therefore elect to consolidate these appeals in this opinion.
 
 See
 
 NRAP 3(b).
 

 FACTS
 

 Docket number 24958
 

 Appellant Jerome J. Morgaño filed an attorney malpractice action against respondent James E. Smith. Smith had served as Morgano’s court-appointed counsel in a criminal proceeding which resulted in Morgano’s entering a plea of guilty to one count of sale of a controlled substance. Both parties sought summary judgment. Following a hearing, the district court issued an order granting summary judgment in favor of Smith. The court ordered Morgano’s complaint dismissed with prejudice, imposed sanctions of $500 because the action was frivolous, and awarded Smith $344 in costs and $3,475 in attorney’s fees. This appeal followed.
 

 
 *1027
 

 Docket number 25215
 

 Appellant Andre Schoka filed an attorney malpractice action against respondent Jerome Polaha. Schoka had hired Polaha to represent him in a criminal proceeding which resulted in Schoka’s entering a plea of guilty to one count of attempting to obtain money by false pretenses. Polaha filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. Schoka opposed the motion. The district court granted the motion and ordered Schoka’s complaint dismissed. This appeal followed.
 

 DISCUSSION
 

 Standards governing legal malpractice actions brought by criminal defendants against their attorneys
 

 The standard governing a criminal defendant’s civil malpractice action against former defense counsel alleging negligent representation in a criminal proceeding depends on whether defense counsel is a public defender, is court-appointed, or is privately hired. We have previously stated the standard which applies to public defenders, but we have not previously articulated the standard applicable to attorneys who are not public defenders. We take the opportunity today to develop the law in this area more fully and to set forth the standards which apply in each instance.
 

 1.
 
 Public defenders
 

 The general rule is that, when defense counsel is a public defender, counsel cannot later be held liable in a malpractice action for allegedly negligently representing the defendant in the underlying criminal proceeding. Ramirez v. Clark Co. Public Defender, 105 Nev. 219, 220, 773 P.2d 343, 344 (1989). Pursuant to NRS 41.032(2), no action may be brought against an officer of the state which is:
 

 Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.
 

 A “public officer” or “officer” includes “‘[a] public defender and any deputy or assistant attorney of a public defender.’”
 
 Ramirez,
 
 105 Nev. at 220, 773 P.2d at 344 (quoting NRS
 
 *1028
 
 41.0307(4) (b)). A public defender is immune from suit for malpractice arising out of discretionary decisions made pursuant to his or her duties as a public defender.
 
 Id.
 
 at 220, 773 P.2d at 344-45. This rule is not implicated in these appeals, nor does our decision today in any way affect this rule as it applies to public defenders.
 

 2.
 
 Court-appointed counsel
 

 Since the time of our decision in Ramirez v. Clark Co. Public Defender, 105 Nev. 219, 773 P.2d 343 (1989), NRS 41.0307(4)(b) has been amended. A “public officer” or “officer” now includes not only a public defender but also “an attorney appointed to defend a person for a limited duration with limited jurisdiction.”
 
 See
 
 1993 Nev. Stat., ch. 547, § 3 at 2261 (effective July 1, 1993). Thus, court-appointed attorneys now enjoy the same degree of immunity as is extended to public defenders. They cannot be held liable for malpractice arising out of discretionary decisions made pursuant to their duties as court-appointed defense counsel.
 
 Cf. Ramirez,
 
 105 Nev. at 220, 773 P.2d at 344-45.
 

 Even though in docket number 24958 respondent Smith was court-appointed, he cannot claim the benefit of this immunity because the statute was not amended until after his representation of Morgaño had ceased. He therefore falls under the rule governing private counsel.
 

 3.
 
 Private counsel
 

 We have not previously enunciated the standard governing legal malpractice actions filed by criminal defendants against privately hired defense attorneys.
 
 [2]
 
 We now hold that, to state a claim for legal malpractice against private criminal defense counsel, the plaintiff must assert a basis for claiming that the plain
 
 *1029
 
 tiff’s conviction or sentence was caused by something other than the plaintiff’s own conduct.
 
 See generally,
 
 Gregory G. Sarno, Annotation,
 
 Legal Malpractice in Defense of Criminal Prosecution,
 
 4 A.L.R.5th 273-402 (1992). Specifically, the plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss.
 
 [3]
 

 See
 
 Shaw v. State, Dept, of Admin., PDA, 816 P.2d 1358, 1360 (Alaska 1991) (a convicted criminal must obtain post-conviction relief before pursuing a legal malpractice action against former defense counsel); Stevens v. Bispham, 851 P.2d 556, 561, 566 (Or. 1993) (for a convicted criminal to maintain a legal malpractice action against former defense counsel, the plaintiff must allege exoneration of the underlying offense through reversal on direct appeal, post-conviction relief or other means). Furthermore, in order to prevail at trial, the plaintiff must prove actual innocence of the underlying charge.
 
 See
 
 Glenn v. Aiken, 569 N.E.2d 783, 788 (Mass. 1991) (plaintiff asserting civil malpractice claim against former defense counsel must prove not only that counsel’s negligence caused plaintiff harm, but also that plaintiff is innocent of the crime charged); Carmel v. Lunney, 511 N.E.2d 1126, 1128 (N.Y. 1987) (to state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege innocence or colorable claim of innocence of underlying offense);
 
 [4]
 

 also cf.
 
 Heck v. Humphrey, ...... .U.S. ......, 62 U.S.L.W. 4594 (June 24, 1994) (No. 93-6188) (to recover damages for unconstitutional or otherwise unlawful conviction or imprisonment under 42 U.S.C.
 
 *1030
 
 § 1983, plaintiff must prove that conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by state tribunal, or called into question by federal court’s issuance of writ of habeas corpus). Neither appellant meets this standard.
 

 In docket number 24958, appellant Morgaño contends that the district court erred in granting summary judgment to respondent because there were genuine issues of material fact in dispute such that his case should have gone to trial. We disagree. Appellant Morgaño did not obtain any appellate or post-conviction relief from his conviction or sentence. This court dismissed Morgano’s direct appeal from his judgment of conviction in the underlying criminal matter. Morgano v. State, Docket No. 22425 (Order Dismissing Appeal, January 24, 1992). This court also dismissed Morgano’s appeal from an order of the district court denying his petition for post-conviction relief. Morgaño v. State, Docket No. 23459 (Order Dismissing Appeal, September 29, 1992). In addition, this court dismissed Morgano’s appeal from an order of the district court denying his post-conviction petition for a writ of habeas corpus. Morgano v. State, Docket No. 25145 (Order Dismissing Appeal, February 4, 1994). Accordingly, we conclude that in docket number 24958 the district court properly granted summary judgment in favor of respondent.
 

 Similarly, in docket number 25215, appellant Schoka contends that the district court erred in dismissing his complaint for failure to state a claim upon which relief could be granted. Again, we disagree. Any claim of innocence of the underlying crime is repelled by the record. Further, the complaint filed by appellant Schoka did not allege that he had obtained any appellate or post-conviction relief from his conviction or sentence. The record in docket number 25215 does not reveal whether Schoka filed a direct appeal from his judgment of conviction. However, this court recently dismissed Schoka’s appeal from an order of the district court dismissing his petition for post-conviction relief. Schoka v. State, Docket No. 23680 (Order Dismissing Appeal, March 31, 1994). Accordingly, we conclude that in docket number 25215 the district court properly ordered appellant’s complaint dismissed.
 

 CONCLUSION
 

 In determining the applicable standard in legal malpractice actions arising from representation of criminal defendants, it is important to distinguish between public defenders, court-appointed attorneys, and private counsel. We have endeavored to
 
 *1031
 
 clarify the law in this area. For the reasons set forth above, we conclude that neither appellant can demonstrate error in these appeals.
 
 [5]
 
 Accordingly, we affirm the orders of the district courts.
 

 [1]
 

 This issue is the only issue raised in docket number 25215. Numerous other issues are raised by appellant Morgaño in docket number 24958.
 

 [2]
 

 We have, however, addressed professional malpractice actions in a more general context. The elements of a professional negligence action are: (1) the duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional’s negligence. Charleson v. Hardesty, 108 Nev. 878, 883-84, 839 P.2d 1303, 1307 (1992). The standard we announce today is merely an elaboration of the existing standard as it applies in the particularized context of a legal malpractice action against private criminal defense counsel.
 

 [3]
 

 We reject the argument that, under this standard, a malpractice plaintiff who is a criminal defendant faces a higher burden than an ordinary civil litigant. Criminal defendants have available to them the possibility of having their judgments of conviction set aside in post-conviction proceedings. Where, as here, the instances of alleged negligence are based primarily on the ineffective assistance of counsel, post-conviction proceedings, rather than civil proceedings, provide such litigants a more appropriate forum to present their claims. Civil litigants have no similar remedy. Any perception of inequity in our rule is therefore ameliorated by the existence of additional remedies available only to criminal defendants.
 
 Cf.
 
 Shaw v. State, Dept, of Admin., PDA, 816 P.2d 1358, 1361-62 (Alaska 1991) (because of overlap of issues raised in post-conviction proceedings and legal malpractice actions, requiring post-conviction relief as a prerequisite to a malpractice action promotes judicial economy and acknowledges differing policy considerations underlying civil malpractice actions based on allegedly negligent criminal defense).
 

 [4]
 

 We have considered cases from other jurisdictions which have held to the contrary,
 
 see, e.g.,
 
 Krahn v. Kinney, 538 N.E.2d 1058, 1061 (Ohio 1989) (plaintiff need not allege reversal of conviction to state cause of action for legal malpractice arising from representation in a criminal proceeding), but reject the analysis in such cases as either inapposite or otherwise inadequate.
 

 [5]
 

 Although neither appellant has been granted permission to file documents in these matters in proper person,
 
 see
 
 NRAP 46(b), we have received and considered their proper person documents.
 

 In case number 24958, we deny as moot appellant Morgano’s motion to proceed in proper person, motion for leave to proceed in forma pauperis, and “Motion to Strike document Dates December 6, 1993 or Alternate Answer Respondents Motion to Leave.” We further deny as moot respondent Smith’s motion to dismiss Morgano’s appeal and motion for leave to file a response to Morgano’s opposition to Smith’s motion to dismiss pursuant to NRAP 28(a) and for a stay of the briefing schedule. We have carefully considered the issues raised by appellant Morgaño in his proper person opening brief and supplemental authorities, and we have determined that they are without merit.
 

 In case number 25215, we deny appellant Schoka’s motion for placing this appeal in abeyance. We conclude that briefing and oral argument are unwarranted.
 
 See
 
 Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975),
 
 cert. denied,
 
 423 U.S. 1077 (1976).