107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rolland WEDDELL, Plaintiff-Appellant,
v.
Bruce HOCHMAN, an individual; Hochman, Salkin and Deroy, a
professional corporation, Defendants-Appellees,
Rolland WEDDELL, Plaintiff-Appellant,
v.
Bruce HOCHMAN, an individual; Hochman, Salkin and Deroy, a
professional corporation, and DOES 1 through 50,
inclusive, Defendants-Appellees.
 Nos. 95-16116, 96-15219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided March 4, 1997.
 
 Before: RONEY*, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Rolland Weddell pled guilty to the misdemeanor offense of willful failure to file tax returns. He was represented at that time by Appellee Bruce Hochman. Weddell subsequently brought an action alleging negligence and legal malpractice against Hochman and Hochman's firm, Hochman, Salkin and DeRoy. The district court granted Hochman's motion to dismiss on the authority of the Nevada Supreme Court's opinion in Morgano v. Smith, 879 P.2d 735 (1994). Weddell was granted leave to amend. Weddell filed a second amended complaint, and at the same time, asked for leave to amend a third time. Hochman moved to dismiss again. While the district court considered the second amended complaint, Weddell filed a new action in which he alleged fraud and breach of fiduciary duty by Hochman. The district court dismissed the second amended complaint, without leave to amend a third time. At a later date, the new action was dismissed. Weddell appeals both dismissals. We affirm.
 
 
 3
 * Weddell raises a constitutional claim for the first time on appeal in appeal No. 95-16116. Weddell argues that the Morgano rule denies him his Sixth Amendment right to assistance of counsel. As a general rule, we will not consider issues raised for the first time on appeal, although it is within our discretion to do so. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1986). Weddell's argument is not compelling, and we see no reason to depart from the general rule.
 
 II
 
 4
 Weddell appeals the district court's dismissal of the negligence and malpractice claims on the authority of Morgano. We review the dismissal without leave to amend de novo. Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir.1996).
 
 
 5
 In Morgano, the Nevada Supreme Court held that for a criminal defendant
 
 
 6
 to state a claim for legal malpractice against private defense counsel, the plaintiff must assert a basis for claiming that the plaintiff's conviction or sentence was caused by something other than the plaintiff's own conduct. Specifically the plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss. Furthermore, in order to prevail at trial, the plaintiff must prove actual innocence of the underlying charge.
 
 
 7
 879 P.2d at 737 (emphasis added). Weddell attempts to avoid the rule of Morgano by arguing that the basis for his malpractice action is an "excessive" sentence resulting from Hochman's poor representation, not a claim of actual innocence of a crime for which he was wrongfully convicted. This attempt is not sufficient to state an actionable claim because the Nevada Supreme Court's holding clearly applied to both convictions and sentences. Id.
 
 
 8
 The district court correctly held that Morgano applies to the facts of this case. Weddell was collaterally estopped from bringing a malpractice claim against Hochman because he had pled guilty to the charge of willful failure to file tax returns. See United States v. Bejar-Matrecios, 618 F.2d 81, 83 (9th Cir.1980). Because the sentence was within the legal range, there are no circumstances under Morgano in which Weddell could prevail at trial in a legal malpractice action. Morgano, 879 P.2d at 737. The district court correctly applied Nevada state law, and we affirm the dismissal of Weddell's negligence and malpractice claims.
 
 III
 
 9
 Weddell appeals the district court's refusal to grant leave to file a third amended complaint. We review the denial of a motion to amend a complaint for abuse of discretion. Maljack Prods. Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996). The district court held that Weddell's motion should be denied because of: (1) undue delay another amendment would cause, (2) prejudice to Hochman resulting from more discovery, and (3) Weddell's failures to cure deficiencies in his prior filings. We agree with the district court's determination, and conclude that the court did not abuse its discretion.
 
 IV
 
 10
 In appeal No. 96-15219, Weddell also raises the claim that application of Morgano denies the Sixth Amendment right to assistance of counsel. For the reasons discussed in part I, we likewise decline to entertain this claim.
 
 V
 
 11
 Weddell appeals the dismissal of his fraud and breach of fiduciary duty claims. We review the district court's dismissal without leave to amend de novo. Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir.1996).
 
 
 12
 As noted above, Weddell pled guilty to willful failure to file income tax returns. Because of collateral estoppel, he cannot relitigate the underlying issues in this case. Bejar-Matrecios, 618 F.2d at 83. As the district court did, we conclude that the proximate cause of Weddell's prosecution and all alleged wrongs that occurred thereafter is Weddell's guilt. On this basis, Weddell's tort claims fail for lack of proximate cause. See Restatement, Second, Torts, § 430.
 
 CONCLUSION
 
 13
 The district court's dismissal of Weddell's claims for negligence and legal malpractice (No. 95-16116) was proper. The district court did not abuse its discretion in denying Weddell leave to amend. The district court's dismissal of Weddell's claims for fraud and breach of fiduciary duty (No. 96-15219) was proper.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3