STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. CV-09-224

                                                  TDW - CUM - 5/14...

ROBERT WHITMORE,

        Plaintiff,                    STATE OF MAINE
                                      Cumberland, ss, Clerk's Office

    v.                            ORDER        MAY 14 2010

HOWARD F. O'BRIEN III, et al.,                RECEIVED

        Defendants.

In this case plaintiff Robert Whitmore is suing defendant Howard O'Brien and his law firm for legal malpractice, alleging that O'Brien's deficient performance as defense counsel resulted in Whitmore's conviction and incarceration for gross sexual assault. Whitmore successfully pursued a petition for post conviction review and was acquitted on retrial five years after his original conviction. Before the court is Whitmore's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., *Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

## Undisputed Facts

In this case the facts upon Whitmore's motion for summary judgment is based are undisputed.

In October 2003 Whitmore was indicted on 8 counts of gross sexual assault and 8 counts of unlawful sexual contact. O'Brien was appointed as plaintiff's defense counsel. Whitmore went to trial and was found guilty by the jury on January 29, 2004 on all charges. He was sentenced to 15 years in prison with all but 10 suspended.

Whitmore thereafter filed a petition for post conviction review. In a decision dated February 16, 2007 the Superior Court (Mills, J.) granted plaintiff's petition for post conviction review, concluding that O'Brien had engaged in a manifestly unreasonable trial strategy and that his actions constituted ineffective assistance of counsel. Specifically, the court faulted O'Brien's failure to meet with and prepare the defendant and other witnesses, O'Brien's role in the defendant's failure to testify, O'Brien's failure to investigate potential out of state witnesses, and his failure to pursue a theory that the victim's grandmother had supported the charges in order to obtain custody of the victim for religious reasons.

The Superior Court's February 16, 2007 decision was affirmed by the Law Court in March 2008.

On retrial Whitmore was acquitted on all counts. At the second trial Whitmore, who had not testified at the first trial, testified in his own defense. He also called several out of state witnesses who had not testified at the first trial.[1]

---

[1] It is not clear from the summary judgment record whether at the second trial the defense sought to impeach the victim's grandmother by suggesting a religious motivation.

2

Given those undisputed facts, the issues presented on the instant motion are primarily legal:

(1) Whether the post conviction court's February 16, 2007 order collaterally estops O'Brien from contesting that his performance as defense counsel amounted to serious incompetency, inefficiency, or inattention that fell below the standard that would be expected from an ordinarily fallible attorney and likely deprived Whitmore of a otherwise available ground of defense; and

(2) Whether, in a case alleging malpractice on the part of defense counsel in a criminal case, Whitmore must not only show the traditional elements of a legal malpractice claim but must also show by a preponderance of the evidence that he was actually innocent of the offenses charged.

## Collateral Estoppel

Whitmore argues that O'Brien is collaterally estopped by the February 16, 2007 decision of the post conviction court from contesting that he committed malpractice. The court agrees that the question of whether O'Brien's performance was ineffective for purposes of post-conviction review is essentially identical with the issue of whether O'Brien committed legal malpractice by breaching the standard of care applicable to defense attorneys.

However, O'Brien is not collaterally estopped in this case because he was not a party to the post conviction proceeding. Maine allows collateral estoppel to be used offensively, *Hossler v. Barry*, 403 A.2d 762, 767 (Me 1979), but only where the same parties or their privies previously litigated the issue. *Id.*

In the post conviction proceeding the parties were Whitmore and the State of Maine. O'Brien appeared as a witness at the post conviction hearing, but he was not a

3

party. Nor can O'Brien be found to have been in privity with the State with respect to the post conviction proceeding. "Privity exists when two parties have a commonality of ownership, control, and interest in a proceeding." *Beal v. Allstate Insurance Co.*, 2010 ME 20 ¶ 20, 989 A.2d 733, 740. O'Brien did not work for the State, and in fact his normal role as defense attorney places him in an adversary relationship to the State. Nor did O'Brien have any control over the State's litigation of the post conviction proceeding. *See* Restatement 2d Judgments § 39.

O'Brien and the State may have had similar motivations at the post conviction proceeding (the State to defend the conviction, O'Brien to defend his conduct), but that does not qualify as the kind of commonality of interest necessary for collateral estoppel against a non party. The State's interest at the post conviction proceeding was to uphold the conviction. That is different than the interest of which is at stake in this proceeding – whether O'Brien should be held personally liable to Whitmore.[2] The court is persuaded that a criminal defense attorney sued for malpractice is not bound by a decision rendered in an earlier post conviction proceeding. *See Stevens v. Horton*, 161 Ore. App. 454, 984 P.2d 868, 872-73 (Ore. App. 1999), *petition for review denied*, 331 Ore. 692, 26 P.3d 149.

The same result follows from cases holding that decisions suppressing evidence because law enforcement officers violated a defendant's constitutional rights are not entitled to collateral estoppel effect when the law enforcement officers are subsequently sued in their individual capacities under 42 U.S.C. § 1983. *See, e.g., Bilida v. McCleod*, 211 F.3d 166, 170-71 (1st Cir. 2000); *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1106 (10th Cir. 1998); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure 2d* § 4458 at 567 & n.20 (2d

---

[2] Even assuming the contrary, commonality of interest alone is not sufficient. As the above quotation from *Beal* indicates, what is required is "commonality of ownership, control <u>and</u> interest." 2010 ME 20 ¶ 20 989 A.2d at 740 (emphasis added).

4

ed. 2002). If anything, the argument for collateral estoppel would be stronger in those cases, where law enforcement officers are affiliated with the prosecutors (as opposed to a defense attorney who is an adversary of the prosecution).[3] Nevertheless, courts have recognized that as a matter of due process, actors in the criminal justice system who are later sued in their individual capacities cannot be found to be precluded by decisions rendered in the preceding criminal case.

Elements of Malpractice Action Against Criminal Defense Counsel

The foregoing ruling is sufficient to deny plaintiff's motion for summary judgment. However, because the parties will now proceed to trial, the court will also rule on the other argument offered by O'Brien.

O'Brien contends that where a criminal defense attorney is sued for legal malpractice, the plaintiff is required not only to prove the standard elements of a legal malpractice claim,[4] but must also prove by a preponderance of the evidence that he was actually innocent of the crime charged. This is an issue that the Law Court noted – but did not decide – in *Brewer v. Hagemann*, 2001 ME 27 ¶¶ 6-7, 771 A.2d at 1032-33. In *Brewer* the Law Court noted that courts in a number of states had required criminal defendants alleging malpractice by their defense counsel to prove that they were actually innocent of the crime charged while courts in other states had required that the criminal conviction be overturned or the defendant otherwise exonerated. *Id.*, citing

---

[3] In support of his argument that collateral estoppel should apply, Whitmore contends that O'Brien was "represented" by the prosecutor at the post conviction hearing. There is no evidence in the summary judgment record to support this contention. Calling someone as a witness is not the same as representing that person. Whatever the respective roles of O'Brien and the prosecutor at the post conviction proceeding, the prosecutor cannot be found to have represented O'Brien for purposes of O'Brien's personal liability for malpractice.

[4] The normal elements are (1) that the defendant attorney breached a duty to exercise or appropriate standard of skill and care, and (2) that the breach proximately caused injury to plaintiff. *E.g., Brewer v. Hagemann*, 2001 ME 27 ¶ 5, 771 A.2d 1030, 1032.

5

cases at nn. 3 and 4. Some states have required both showings. *E.g., Coscia v. McKenna & Cuneo*, 25 Cal 4th 1194, 1199-1200, 25 P.3d 670, 672-73 (Cal. 2001). There is also a minority of states that have not required either a showing of exoneration or a showing of actual innocence. *See Brewer*, 2001 ME 27 ¶ 6 at n. 5, 771 A.2d at 1032-33 at n. 5.

While it is likely, in the court's view, that the Law Court would at least require a criminal defendant to demonstrate that he has been exonerated, that issue need not be reached in this case. Whitmore has in fact been exonerated. However, that is not the same as being found actually innocent.

The court concludes that a showing of actual innocence must be made by a criminal defendant asserting a claim of legal malpractice by his defense attorney. The court's research indicates that courts in at least 12 states - California, Illinois, Kentucky, Massachusetts, Nebraska, Nevada, New Hampshire, Pennsylvania, South Carolina, Virginia, Washington, and Wisconsin - have so ruled.[5] The Supreme Court of Alaska has also agreed that actual innocence is relevant to a claim of malpractice on the part of a criminal defense lawyer but concluded that the issue of whether the malpractice plaintiff actually committed the crime is an affirmative defense to be raised by the malpractice defendant.[6]

---

[5] *Coscia v. McKenna & Cuneo*, 25 Cal 4th 1194, 1199-1200, 25 P.3d 670, 672-73 (2001); *Wiley v. County of San Diego*, 19 Cal. 4th 532, 536-44, 966 P.2d 983, 985-91 (1998); *Paulsen v. Cochran*, 356 Ill. App. 3d 354, 358-63, 826 N.E.2d 526, 530-33 (Ill. App.), *leave to appeal denied*, 215 Ill. 2d 599, 833 N.E. 2d 4 (2005); *Ray v. Stone*, 952 S.W.2d 220, 224 (Ky. App. 1997); *Correia v. Fagan*, 452 Mass. 120, 127-29, 891 N.E. 2d 227, 233-34 (2008); *Glenn v. Aiken*, 409 Mass. 699, 704, 707, 569 N.E. 2d 783 (1991); *Rodriguez v. Nielsen*, 259 Neb. 264, 270-71, 609 N.W.2d 368, 373-75 (2000); *Morgano v. Smith*, 110 Nev. 1025, 1029, 879 P.2d 735, 738 (1994); *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, 143 N.H. 491, 496-97, 727 A.2d 996, 999-1000 (1999); *Bailey v. Tucker*, 533 Pa. 237, 250-51 n. 12, 621 A.2d 108, 115 n. 12 (1993); *Brown v. Theos*, 354 S.C. 626, 629-30, 550 S.E.2d 304, 306 (2001); Taylor *v. Davis*, 265 Va. 187, 191, 576 S.E.2d 445, 447 (2003); *Adkins v. Dixon*, 253 Va. 275, 282, 482 S.E.2d 797, 801-02 (1997); *Ang v. Martin*, 154 Wash.2d 477, 483-86, 114 P.3d 637, 641-42 (2005); *Hicks v. Nunnery*, 2002 WI App. 87 ¶¶ 32-45, 643 N.W.2d 809, 820-23 (Wisc. App. 2002), *petition for review denied*, 2003 WI 16, 657 N.W.2d 706 (2003)

[6] *Shaw v. State of Alaska*, 861 P2d 566, 570-72 (Alaska 1993).

The court is aware that other courts have held that while a showing of exoneration is necessary, a showing of actual innocence is not. *E.g., Berringer v Steele*, 133 Md. App. 442, 484, 758 A.2d 574, 597 (Md. App. 2000). Other courts have required exoneration but have reserved the question of whether a showing of actual innocence is required or have otherwise declined to rule on whether actual innocence must be shown. *E.g., Canaan v. Bartee*, 276 Kan. 116, 132, 72 P.3d 911, 921 (2003); *Bloom v. Gibson*, 2006 VT 104 ¶ 29, 912 A.2d 424, 433. Some courts have referred to a requirement of actual innocence but have not made it clear whether they equate exoneration with innocence or whether they would require anything more than exoneration. *E.g., Carmel v. Lunney*, 70 N.Y.2d 169, 173, 511 N.E.2d 1126, 1128 (1987).

The courts that have concluded that a showing of actual innocence is required have relied on a number of considerations. Many of those are set forth in the California Supreme Court's opinion in *Wiley v. County of San Diego*, 19 Cal. 4th at 536-44, 966 P.2d at 985-91, which notes that the actual innocence requirement has been followed by a "clear majority" the courts that have confronted the issue. 19 Cal. 4th at 536, 966 P.2d at 985. *Accord, Correia v. Fagan*, 452 Mass. at 128, 891 N.E. 2d at 234.

Some of the considerations cited in *Wiley* and in the other cases adopting the same view are more persuasive than others. Of the various rationales that have been offered to support the "actual innocence" rule, the court finds two to be compelling. The first is that the procedural safeguards in the criminal justice system and the requirement that a conviction must be based on proof beyond a reasonable doubt serve to protect defendants who have in fact committed the crimes charged as well as defendants who are innocent. As a result, there is a difference between legal innocence and actual innocence. *See Correia v. Fagan*, 452 Mass. at 128, 891 N.E. 2d at 233-34; *Ang v. Martin*, 154 Wash.2d at 484, 111 P.3d at 642.

7

"The notion of paying damages to a plaintiff who actually committed the criminal offense solely because a lawyer negligently failed to secure an acquittal is of questionable public policy and is contrary to the intuitive response that damages should only be awarded to a person who is truly free from any criminal involvement." *Wiley v. County of San Diego*, 19 Cal. 4th at 539, 966 P.2d at 987 (citation omitted). To the same effect, the New Hampshire Supreme Court noted that allowing criminal defendants to recover for malpractice without a showing of actual innocence would "engender disrespect for courts and generally discredit the administration of justice." *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, 243 N.H. at 497, 727 A.2d at 999-1000, *quoting State ex rel O'Blennis v. Adolf,* 691 S.W.2d 498, 504 (Mo. App. 1985).

Another important policy favoring an actual innocence requirement is that, as the Massachusetts Supreme Judicial Court observed in *Glenn v. Aiken*, "the public has a strong interest in encouraging the representation of criminal defendants, particularly those who are ruled to be indigent." 409 Mass. at 707-08, 569 N.E.2d at 788. *Accord, Mahoney v. Shaheen, Cappiello, Stein & Gordon*, 143 N.H. at 498, 727 A.2d at 1000. Most criminal defendants are represented by counsel appointed at public expense or by private counsel whose fees are not substantial. As the Massachusetts and New Hampshire courts have noted, the adoption of an actual innocence rule encourages representation of criminal defendants by reducing the risk of malpractice liability, while a contrary rule may dampen the willingness of lawyers to enter the criminal defense arena. *Glenn v. Aiken*, 409 Mass. at 708, 569 N.E.2d at 788; *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, 143 N.H. at 498, 727 A.2d at 1000.[7] *Accord, Bailey v. Tucker*, 533 Pa. at 249-50, 621 A.2d at 114.

---

[7] In *Wiley v. County of San Diego*, the California Supreme Court observed that if they were potentially exposed to a greater number of malpractice suits, criminal defense attorneys might

A showing of actual innocence may not be required when, for instance, the claim of malpractice relates solely to sentencing. In a case subsequent to *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, the New Hampshire Supreme Court ruled that a criminal defendant who acknowledged his guilt was not barred from bringing a malpractice claim asserting that his attorney had unilaterally forfeited his ability to seek a lesser sentence. *Hilario v. Reardon*, 158 N.H. 56, 960 A.2d 337 (2008). That case, however, reaffirmed *Mahoney's* actual innocence requirement when a criminal defendant is arguing that if his attorney had not committed malpractice, he would not have been convicted. 158 N.H. at 66, 760 A.2d at 344-45 (a plaintiff must still demonstrate his actual innocence when the claim is based upon an allegedly wrongful conviction or upon professional judgments intended to avert indictment or conviction).

In sum, for the reasons set forth above, and because the court concludes that if presented with this issue the Law Court would be likely to follow, *inter alia*, the courts of California, Illinois, Massachusetts, and New Hampshire – the court concludes that, in the alternative, Whitmore's motion for summary judgment should be denied because he has not offered evidence of actual innocence, and that issue potentially presents a disputed issue for trial.

The entry shall be:

Plaintiff's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

practice "defensive" law more frequently to insulate themselves from liability. "In our already overburdened system it behooves no one to encourage the additional expenditure of resources merely to build a record again a potential malpractice claim." 19 Cal. 4th at 544-45, 966 P.2d at 991, quoting *Bailey v. Tucker*, 533 Pa. at 249, 621 A.2d at 114. In *Bailey* the Pennsylvania Supreme Court noted that increased vulnerability to malpractice suits might also affect the willingness of criminal defense attorneys to exercise their independent legal judgment with respect to strategic and tactical decisions, such as whether to forego cross-examining a given witness. *Id.*

DATED:     May _14_, 2010

_____
Thomas D. Warren
Justice, Superior Court

------------------------------------------------------------------------

01 0000000185          BOWIE, JAMES M
       THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
     F     HOWARD F OBRIEN III, ESQ              DEF      RTND    05/11/2009
     F     STRIKE AND ASSOCIATES                 DEF      RTND    05/11/2009

02 0000001686          DAVIS, JED
       86 WINTHROP STREET AUGUSTA ME 04330
     F     ROBERT R WHITMORE                     PL       RTND    04/15/2009