An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY BAILEY,
Appellant,
vs.
LANCE A. MANINGO; AND DREW
CHRISTENSEN,
Respondents.

No. 59018

FILED

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a civil rights complaint for failure to state a claim.[1] Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In his civil proper person appeal statement, appellant argues that the district court erred by dismissing his complaint because the court

---

[1]Although appellant has labeled this appeal as a petition for "writ of review" or for mandamus, it was instituted pursuant to his notice of appeal from the district court's order of dismissal. This court initially dismissed this appeal for lack of jurisdiction, but on October 18, 2012, we granted rehearing and directed transmission of the record. We direct the clerk of this court to conform the caption on this court's docket sheet to the caption on this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

B-10828

failed to afford him an opportunity to pursue discovery and because the motion to dismiss failed to comply with NRCP 12(b)(5) and NRCP 56(e).[2]

Having considered appellant's appeal statement and the record on appeal, we conclude that the district court properly dismissed appellant's complaint pursuant to NRCP 12(b)(5) for failure to state a claim. See Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (providing that this court reviews a district court order dismissing a case under NRCP 12(b)(5) rigorously, accepting all factual allegations as true and reviewing legal conclusions de novo); see also Stalk v. Mushkin, 125 Nev. 21, 28 n.2, 199 P.3d 838, 843 n.2 (2009) (recognizing that the Nevada Rules of Professional Conduct do not provide an individual with a private right of action); Morgano v. Smith, 110 Nev. 1025, 1029, 879 P.2d 735, 737 (1994) (explaining that in order to overcome a motion to dismiss a legal malpractice action, "the plaintiff must plead that he or she has obtained appellate or post-conviction relief"). Because dismissal was appropriate based on the complaint, without reference to any additional evidence, the district court did not err in dismissing the complaint without ordering discovery and without treating the motion as an NRCP 56 motion for summary judgment. See NRCP 12(b) (explaining that it is appropriate to treat a motion to dismiss pursuant to NRCP

---

[2]To the extent that appellant also contends that the district court's decision violated the Federal Rules of Civil Procedure, those rules are not applicable in this state court action. Compare NRCP 1 (explaining that the Nevada Rules of Civil Procedure "govern the procedure in the district courts in all suits of a civil nature"), with FRCP 1 (providing that the Federal Rules of Civil procedure "govern the procedure in all civil actions and proceedings in the United States district courts").

12(b)(5) as a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:　Hon. Timothy C. Williams, District Judge
　　Anthony D. Bailey
　　Bellon & Maningo, Ltd.
　　Eighth District Court Clerk

---

[3]In our October 18, 2012, order granting rehearing, we determined that no action was necessary with regard to appellant's notice of possible confession of error. Thus, we further conclude that no action is necessary as to appellant's November 13, 2012, letter seeking a status update as to the notice of possible confession of error.