Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Whiting, Senior Justice

JEFFREY S. ADKINS
                          OPINION BY SENIOR JUSTICE HENRY H. WHITING
v.   Record No. 960327         February 28, 1997

THOMAS W. DIXON, JR., ET AL.

              FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                      Duncan M. Byrd, Jr., Judge


     In separate attorney malpractice cases, Jeffrey Scott

Adkins, a convicted felon, seeks damages from Thomas W. Dixon,

Jr., his former defense counsel, and from Dixon's employer.  By

agreement of the parties, the trial court consolidated both cases

"for all purposes."

     Adkins's actions are based on multiple claims arising from

Dixon's alleged negligence and breach of contract in failing to

properly defend the felony charges that resulted in Adkins's

convictions.  The dispositive issues are (1) whether a court-

appointed attorney and his employers are entitled to governmental

immunity in these actions and, if not, (2) whether the actions

can be maintained without allegations that Adkins was innocent

and that Adkins's convictions were set aside in post-trial

proceedings.

     The consolidated cases were decided on the defendants'

demurrers and special pleas.  Therefore, we state as true the

facts alleged in the motions for judgment and all reasonable

inferences to be drawn therefrom.  Covington v. Skillcorp

Publishers, 247 Va. 69, 70, 439 S.E.2d 391, 391 (1994).[1]

_____

     [1]We have not considered any of the facts set forth in the

Adkins, an indigent, was arrested, incarcerated, and charged with ten felonies "all stemming from a single criminal episode" that occurred in Augusta County.[2] Thomas W. Dixon, Jr., an employee of the law firm of Richard F. McPherson, Frank L. Summers, Jr., Victor M. Santos, and Thomas P. McPherson, partners trading as Nelson, McPherson, Summers and Santos, was appointed by the court to represent Adkins.

At a preliminary hearing on December 7, 1989, the General District Court of Augusta County found sufficient cause to certify the ten charges to the circuit court for consideration. On January 22, 1990, the grand jury of Augusta County returned indictments against Adkins on the ten original charges and on six additional felony charges arising from the same episode. No preliminary hearings had been held on these six charges.

The circuit court fixed the trial dates as May 31, 1990 for (..continued) plaintiff's admissions in response to the defendants' requests for admission since the parties have not stipulated their use in deciding the demurrers. Elder v. Holland, 208 Va. 15, 18, 155 S.E.2d 369, 372 (1967); see Flippo v. F & L Land Co., 241 Va. 15, 17, 400 S.E.2d 156, 156–57 (1991).

[2]The motions for judgment do not state the nature of the crimes charged. Adkins's appellate brief states that they were the armed robberies and abductions of four persons, the unlawful wearing of a mask, and sexual offenses.

the six additional charges and June 15, 1990 for the ten original charges. Adkins, who had been incarcerated on the ten charges since his initial arrest, filed a pro se motion on May 23, 1990 to dismiss all 16 charges based upon asserted violations of the speedy trial provisions of Code § 19.2-243, which provides in pertinent part:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from such date such probable cause was found by the district court.

Adkins claimed that his speedy trial rights would be violated by trials on May 31 and June 15, which were more than five months after his preliminary hearing. Although the six additional charges had not been considered in the preliminary hearing, Adkins contended that all sixteen charges were subject to the same five-month speedy trial limitation since they arose "from a single criminal episode." The court overruled Adkins's motion.

At jury trials commencing on the previously fixed trial dates, Adkins was found guilty of all charges and the court entered judgments on those verdicts. The jury's verdicts on the six charges recommended punishments of two life sentences plus 45 years.[3]

---

[3]The record does not disclose the punishments recommended or

-3-

Adkins's appeal to the Court of Appeals filed by Dixon asserted the speedy trial defense only as to the convictions arising from the ten original charges.  The Court of Appeals reversed the judgments of convictions on that ground and discharged Adkins from further prosecution on those ten charges. Adkins v. Commonwealth, 13 Va. App. 519, 523, 414 S.E.2d 188, 190 (1992).  Dixon's appeal to this Court raised the speedy trial defense to the six additional charges for the first time and was denied for that reason.

Thereafter, Adkins filed an action pro se against Dixon, claiming that Dixon was guilty of attorney malpractice in failing to raise the speedy trial issue as to the six additional charges in the Court of Appeals.  Dixon filed a pro se demurrer and plea of the statute of limitations in defense of this action.

Almost a year later, Adkins employed counsel and sued Dixon's employers, alleging vicarious liability for Dixon's acts. Dixon's employers retained counsel for themselves and Dixon. Defendants' counsel sought leave to amend and supplement Dixon's pro se pleadings by asserting a special plea of governmental immunity arising from Dixon's representation of Adkins as court-appointed counsel, and by setting forth that:

> "[Adkins] has not alleged, as he must, that (a) he is innocent of the charges that resulted in his conviction; and (b) he has secured reversal of his conviction in post-trial proceedings."

(..continued)

imposed for the ten felony convictions.

-4-

After permitting the amendments, the court sustained the special plea and ground (b) of the demurrer and overruled ground (a) of the demurrer. Adkins appeals the rulings adverse to him and the defendants assign cross-error to the ruling adverse to them.[4]

First, we consider whether the court abused its discretion in permitting Dixon to amend his pleadings. Adkins's present counsel properly admits in his brief that the decision to permit amendments of pleadings rests in the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Brown v. Brown, 244 Va. 319, 324, 422 S.E.2d 375, 378 (1992).

Noting that Dixon had failed to raise either ground at issue in his initial pleadings, Adkins claims such failure was a waiver of those grounds. Adkins concludes that permitting the amendments more than a year after the case had been filed was an abuse of the trial court's discretion.

In response, the defendants assert: both Dixon and Adkins were pro se litigants during the first 11 months of Adkins's action against Dixon; when Adkins retained counsel and sued Dixon's employers, the employers retained counsel to represent

_____

[4]Adkins asserts a number of other errors in his appeal which are not material to the issues involved here. Accordingly, they are not considered in this appeal.

both Dixon and themselves; promptly thereafter, the defendants sought the amendment in question, mirroring the same defense as that asserted by the employers; the proposed amendments were not sought just before trial; and Adkins could show no actual prejudice as a result of the amendments.  The defendants conclude that Adkins failed to show that the court abused its discretion.

Rule 1:8 provides in pertinent part that "[l]eave to amend [pleadings] shall be liberally granted in furtherance of the ends of justice."  This language is from a predecessor rule which we quoted in Herndon v. Wickham, 198 Va. 824, 826, 97 S.E.2d 5, 7 (1957).  In Herndon, we sustained a trial court's exercise of discretion in permitting a plea of the statute of limitations to be filed more than 11 months after the action was instituted and eight days before trial.  Additionally, we held that the delayed filing of the plea of the statute of limitations was not a waiver of its provisions.  Id. at 827, 97 S.E.2d at 7.

We perceive no significant difference between the facts in this case and those in Herndon.  Applying the Herndon rationale, we conclude that Adkins has not shown that the trial court abused its discretion in permitting the amendment.  See also Nelson v. Commonwealth, 235 Va. 228, 244, 368 S.E.2d 239, 248 (1988) (amendment thirteen days before trial).

Next, we consider whether the court erred in sustaining the pleas of governmental immunity, a ruling which, if correct, renders the remaining issues moot.  Adkins contends that court-

appointed counsel have no such immunity in these actions because, except for the court's appointment of counsel and payment of counsel's fees by the state, court-appointed counsel have the same relationship to their clients as all other counsel. The defendants respond that court-appointed counsel are engaged in a governmental objective that meets the criteria for governmental immunity under the four-part test of James v. Jane, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). We disagree with the defendants.

One part of the Jane test relates to "the degree of control and direction exercised by the state over the employee whose negligence is involved." Id. "A high level of control weighs in favor of immunity; a low level of such control weighs against immunity." Lohr v. Larsen, 246 Va. 81, 88, 431 S.E.2d 642, 646 (1993) (citing Jane, 221 Va. at 53-54, 282 S.E.2d at 869). In contrast to Lohr, in which the Commonwealth controlled the medical procedures the state-employed doctor could perform, id., the Commonwealth had almost no control over the pleadings and defense tactics employed by Dixon. Indeed, Dixon had an adversarial relationship to the Commonwealth in defending Adkins.

Nor do we agree with the defendants' contention that sufficient control is found in Dixon's "status as an officer of the Court" and by the "Code of Professional Responsibility, as administered by the State Bar." The difficulty with this contention is that the Commonwealth had no more control of the manner in which Dixon represented Adkins as court-appointed

counsel than it would have had if Dixon were retained counsel. Indeed, had Dixon permitted the Commonwealth to control his defense tactics in any manner beyond that of requiring ethical conduct, he may well have violated Canon 5 of the Virginia Code of Professional Responsibility, which requires a lawyer to "exercise independent professional judgment on behalf of a client."

For these reasons, we conclude that there is no such immunity in these cases. Therefore, the court erred in sustaining the plea of immunity.

This brings us to a consideration of the court's rulings on the defendants' demurrers. The court sustained ground (b) of the defendants' demurrers and dismissed the cases.[5] In ground (b) the defendants claim that Adkins was required to allege that he had successfully obtained post-conviction relief.[6]

Citing Massachusetts and Ohio cases, Adkins claims that most

[5]Adkins did not ask for leave to amend his motions for judgment to allege that he had obtained habeas corpus relief.

[6]Although the motions for judgment make no mention of a habeas corpus proceeding, the trial court's opinion indicates that Adkins's petition for habeas corpus based on ineffective assistance of counsel was denied in Adkins v. Murray, 872 F. Supp. 1491 (W.D. Va. 1994), aff'd sub nom. Adkins v. Attorney General, 97 F.3d 1446 (4th Cir. 1996).

jurisdictions do not require attorney malpractice plaintiffs to demonstrate, as an element of their prima facie case, success in post-conviction reviews.  As defendants note, Adkins is mistaken.

The following cases hold that a decision adverse to a criminal defendant in post-conviction proceedings bars a recovery for the defense attorney's malpractice.  Shaw v. State, 816 P.2d 1358, 1360 (Alaska 1991); Johnson v. Schmidt, 719 S.W.2d 825, 826 (Mo. App. 1986); State ex rel. O'Blennis v. Adolf, 691 S.W.2d 498, 503-04 (Mo. App. 1985); Morgano v. Smith, 879 P.2d 735, 738-39 (Nev. 1994); Carmel v. Lunney, 511 N.E.2d 1126, 1128 (N.Y. 1987); Stevens v. Bispham, 851 P.2d 556, 566 (Or. 1993); Peeler v. Hughes & Luce, 909 S.W.2d 494, 497-98 (Tex. 1995).

We agree with the majority of these foreign jurisdictions. As we said in Zysk v. Zysk, 239 Va. 32, 34, 404 S.E.2d 721, 722 (1990), "courts will not assist the participant in an illegal act who seeks to profit from the act's commission."  Therefore, we conclude that a post-conviction ruling adverse to the defendant will prevent a recovery for legal malpractice.

Also, we think that a plaintiff in a case like the present should have the burden of alleging and proving as a part of his cause of action that he has obtained post-conviction relief. Shaw, 816 P.2d at 1360; Carmel, 511 N.E.2d at 1128; Stevens, 851 P.2d at 566.  Therefore, we conclude that the trial court correctly sustained ground (b) of the defendants' demurrers.

Nor do we agree with Adkins's contention that under our

rationale the statute of limitations may bar his malpractice action before the post-conviction proceedings are terminated. Since successful termination of such a proceeding is a part of Adkins's cause of action, he has no right of action until that time and, thus, the statute of limitations does not begin to run until termination of the post-conviction proceeding. See Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981)(cause of action for injury accrues when plaintiff incurs positive, physical or mental hurt); McKay v. Citizens Rapid Transit Co., 190 Va. 851, 858, 59 S.E.2d 121, 124 (1950)(in action for contribution, statute of limitations does not begin to run until payment made by plaintiff).

Next, we consider the court's action in overruling ground (a) of the demurrers in which the defendants contend that Adkins was required to allege his innocence of the six additional charges. Adkins argued, and the court agreed, that if the speedy trial defense did apply to the six additional charges, Adkins could have been discharged from further prosecution on those charges without a determination of his actual guilt.

We agree with the defendants' claim that Adkins's actual guilt is a material consideration since courts will not permit a guilty party to profit from his own crime. Zysk, 239 Va. at 34, 404 S.E.2d at 722. And, contrary to the opinion of the trial court, we think that Adkins's guilt, not Dixon's alleged failure to assert the speedy trial defense, was the proximate cause of

the convictions.  <u>Peeler</u>, 909 S.W.2d at 497.  Hence, we think that the court erred in overruling this ground of the demurrers.[7]

Since the court correctly sustained ground (b) of the demurrers, we will affirm the judgment of the court dismissing the case.

<u>Affirmed</u>.

---

[7]We express no opinion as to what vicarious liability, if any, employers of court-appointed counsel might have to indigent clients of such counsel since that issue is not before us.