Present:  Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Carrico, S.J.[1]

RANDOLPH TAYLOR

v.  Record No. 020923

OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
February 28, 2003

RICHARD A. DAVIS, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Donald H. Kent, Judge Designate

In this appeal, we consider whether a plaintiff in an
attorney malpractice action pled a cause of action against his
former criminal defense attorneys who represented him in
criminal proceedings.

Plaintiff, Randolph Taylor, filed his motion for judgment
against Richard A. Davis and Althea B. Hurt.  Plaintiff
alleged the following facts in his motion.  On July 4, 1997,
plaintiff "was arrested [in Albemarle County] and charged with
a violation of [Code] § 46.2-301, driving a moped on a
suspended license, a class 1 misdemeanor" even though a moped
is "specifically exempted from the statute, [Code] § 46.2-301;
thus driving a moped on a suspended license was not a crime in
Virginia."

The Circuit Court of Albemarle County appointed defendant
Davis to represent plaintiff for that purported offense.
Plaintiff alleged that he advised defendant Davis that

[1] Chief Justice Carrico presided and participated in the
hearing and decision of this case prior to the effective date

plaintiff was lawfully permitted to drive a moped even though plaintiff's license had been suspended.  Plaintiff also alleged that Davis did not perform "any legal research on the issue, and failed to raise any defense to the criminal charge, including the statutory exemption."[2]

At the conclusion of a bench trial, the circuit court found plaintiff guilty as charged in the summons.  The court entered an order dated May 18, 1998 that sentenced plaintiff to confinement in jail for a term of 60 days and ordered him to pay a fine in the amount of $100 and court costs.  Plaintiff's license to operate a motor vehicle on the public highways of this Commonwealth was suspended for a term of six months.

The Circuit Court of Albemarle County appointed Althea Hurt to represent plaintiff in the event he decided to appeal the judgment.  Plaintiff alleged in his motion for judgment that he contacted Hurt "to discuss his appeal and his understanding of the moped exemption contained in [Code]

of his retirement on January 31, 2003.
    [2] Code § 46.2-301(B) states in relevant part:
        "Except as provided in §§ 46.2-304 and 46.2-357, no resident or nonresident (i) whose driver's license . . . has been suspended . . . shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in the Commonwealth until the period of such suspension or revocation has terminated. . . .  For the purposes of this section, the phrase 'motor vehicle or any self-propelled machinery or equipment' shall not include mopeds."

2

§ 46.2-301." Plaintiff further alleged that despite his representations to Hurt that he was legally permitted to drive a moped even though his driver's license had been suspended, Hurt advised plaintiff that he was incorrect, that he had no appealable issue, and "that there was no need to appeal." Plaintiff alleged that Hurt did not perform "any legal research on the issue" and that he "acceded to . . . Hurt's advice."

Subsequently, plaintiff filed a "motion to reopen and dismiss" in the Circuit Court of Albemarle County. Plaintiff asserted in his motion that he was wrongfully convicted of a violation of Code § 46.2-301 because, pursuant to Code § 46.2-301(B), the phrase "motor vehicle or any self-propelled machinery or equipment" did not include mopeds. He asserted that, therefore, he was permitted by statute to drive a moped even though his license had been suspended. The Commonwealth's attorney endorsed the plaintiff's motion.

The Circuit Court of Albemarle County entered an order that "reopened" the case and dismissed "the criminal charge upon which [plaintiff] was convicted." The court directed the clerk "to take appropriate steps to correct the public records regarding this dismissal and to refund to . . . Taylor, all fines and court costs heretofore paid. Furthermore, Mr.

3

Taylor's privilege to drive taken by this Court pursuant to the original conviction is void ab initio."

Plaintiff also alleged that as a result of the defendants' negligent acts and omissions, he sustained a wrongful conviction, incarceration, monetary losses, and other damages.

The defendants filed demurrers and asserted, among other things, that plaintiff failed to plead a cause of action for attorney malpractice because he failed to allege that he obtained post-conviction relief as required by this Court's decision in Adkins v. Dixon, 253 Va. 275, 482 S.E.2d 797, cert. denied, 522 U.S. 937 (1997). The circuit court entered an order that held that plaintiff could not proceed because he failed to plead that he had obtained post-conviction relief. Plaintiff appeals.

In Adkins, we considered whether a plaintiff, in an attorney malpractice case, who had been convicted of numerous felonies, was required to plead in his motion for judgment that he had successfully obtained post-conviction relief. At a preliminary hearing during the underlying criminal proceedings, the general district court found sufficient cause to certify ten felony charges relating to Jeffrey S. Adkins' alleged commissions of armed robberies, abductions, unlawful wearing of a mask, and sexual offenses. Subsequently, a grand

4

jury returned indictments against him on the ten original charges and on six additional felony charges arising from the same incident.

The circuit court fixed the trial dates for Adkins, who had been incarcerated on the ten original charges since his arrest. Adkins filed a pro se motion to dismiss all 16 charges based upon asserted violations of the speedy trial provisions of Code § 19.2-243. The circuit court denied Adkins' motion and, at separate jury trials, he was convicted of all charges and subsequently sentenced to punishments of two life sentences plus 45 years.

Adkins' counsel filed an appeal to the Court of Appeals and asserted speedy trial violations limited to the convictions resulting from the ten original charges. The Court of Appeals agreed with Adkins, reversed the judgments of convictions, and discharged him from further prosecution of those ten charges. Adkins' counsel appealed to this Court and raised the speedy trial defense to the six additional charges for the first time, and we denied the appeal for that reason.

Subsequently, Adkins filed a motion for judgment against his criminal defense counsel alleging attorney malpractice. The defendant asserted that Adkins failed to plead viable causes of action against him because Adkins did not plead that he was innocent of the charges that resulted in his

convictions and he failed to plead that he secured reversals of his convictions in post-trial proceedings.

We pointed out in Adkins that most jurisdictions have held "that a decision adverse to a criminal defendant in post-conviction proceedings bars a recovery for the defense attorney's malpractice." 253 Va. at 281, 482 S.E.2d at 801. We noted that "courts will not assist the participant in an illegal act who seeks to profit from the act's commission." Id. (quoting Zysk v. Zysk, 239 Va. 32, 34, 404 S.E.2d 721, 722 (1990)). We concluded that a post-conviction ruling adverse to the defendant barred any recovery for legal malpractice. Adkins, 253 Va. at 281-82, 482 S.E.2d at 801. We also stated that "we think that a plaintiff in a case like the present should have the burden of alleging and proving as a part of his cause of action that he has obtained post-conviction relief." Id. at 282, 482 S.E.2d at 801. We also concluded in Adkins that the plaintiff in that case was required to plead that he was actually innocent, and we held that his guilt, not counsel's alleged failure to assert the speedy trial defense, was the proximate cause of his convictions. Id. at 282, 482 S.E.2d at 802.

Our decision in Adkins, however, is not controlling in the present appeal, which is clearly distinguishable. Unlike the plaintiff in Adkins, the plaintiff in the present case was

6

not guilty of a legally cognizable offense.  Plaintiff in this case, unlike the plaintiff in Adkins, pled that he was incarcerated upon a purported conviction of acts that did not constitute a crime.  And, unlike the plaintiff in Adkins, plaintiff in this appeal did not participate in an illegal act and, therefore, if he is able to recover judgments against his former attorneys, he will not profit from the commission of an illegal act.

We hold that when, as here, a plaintiff in an attorney malpractice action against his former criminal defense attorneys makes allegations in his motion for judgment which, if true, establish that the plaintiff is actually innocent as a matter of law because the purported offense for which he was convicted did not constitute a crime at the time the plaintiff was charged, and the plaintiff was unable to establish actual innocence because of his attorneys' negligence, the plaintiff is not required to plead that he sought and obtained post-conviction relief.

Accordingly, we will reverse the judgment of the circuit court, and we will remand this case for further proceedings consistent with this opinion.

Reversed and remanded.