Present: All the Justices

JUDY GAYLE DESETTI

                                        OPINION BY
v.  Record No. 141239          JUSTICE LEROY F. MILLETTE, JR.
                                        June 4, 2015
FRANCIS CHESTER, ET AL.


              FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                     A. Joseph Canada, Jr., Judge

     In this appeal we determine whether a plaintiff

sufficiently pled a claim for legal malpractice that occurred

during the course of an attorney's representation of the

plaintiff in a criminal matter.

                     I.   FACTS AND PROCEEDINGS

     This appeal comes to us upon the circuit court sustaining

a demurrer.  "For purposes of evaluating a demurrer, a court

assumes that all material facts, implied facts[,] and

reasonable inferences from those facts that are properly

alleged in the complaint are true."  Brown v. Jacobs, ___ Va.

___, ___ n.2, 768 S.E.2d 421, 423 n.2 (2015).  Accordingly, the

relevant facts alleged in the complaint are as follows.

     Judy Desetti, her husband Joel Desetti, and her son Ryan

Desetti were involved in a criminal incident with a law

enforcement officer at the Desetti home.  Arising from that

incident, Judy was charged with felony assault and battery of a

law enforcement officer in violation of Code § 18.2-57, and

misdemeanor obstruction of justice in violation of Code § 18.2-

460. Also arising from that incident, Joel and Ryan were charged with misdemeanor obstruction of justice in violation of Code § 18.2-460.

Judy employed Francis Chester of the firm Chester-Cestari Law, P.C., to represent her in this criminal matter. Chester was also retained by Joel and Ryan to represent them in their own criminal proceedings.

Joel's and Ryan's charges of misdemeanor obstruction of justice went to trial first. Chester called Judy as a witness. During the course of her direct examination, Judy admitted that she struck the law enforcement officer who had entered the Desetti home. At the conclusion of trial, both Joel and Ryan were found guilty.

Subsequent to that trial, the Commonwealth conveyed to Chester a plea offer on Judy's charges. The offer allowed Judy to plead guilty to a misdemeanor assault and battery, rather than to the felony assault and battery that she had been charged with. Chester never conveyed this plea offer to Judy or responded to the Commonwealth. Instead, Chester advised Judy that she should plead not guilty and go to a jury trial because "she had a 'slam dunk' case." Chester also failed to inform Judy that a guilty verdict on her felony charge would entail a mandatory minimum sentence of six months of incarceration.

Based on Chester's advice, Judy pled not guilty and requested a jury trial. Judy asserts that various aspects of Chester's representation during the trial constituted legal malpractice. Among these allegations of malpractice is Chester's unilateral decision, without consulting with Judy, to reject the Commonwealth's jury instruction that incorporated the lesser-included offense of misdemeanor assault and battery because Chester was employing a "felony or freedom" strategy. At the conclusion of that trial, the jury returned a guilty verdict on the felony assault and battery charge, and Judy was sentenced to the mandatory minimum of six months of incarceration. Judy unsuccessfully exhausted her direct appeals.

One month into her sentence, Judy filed a petition for writ of habeas corpus alleging that Chester's representation was so deficient and prejudicial that it deprived her of her constitutional right to effective assistance of counsel. One year later, the habeas court granted Judy's habeas petition on the basis that Chester's ineffective assistance of counsel prejudiced Judy in the criminal matter. The habeas court held that Chester's representation was constitutionally deficient because of (1) Chester's concurrent representation of Judy, Joel, and Ryan, (2) Chester's failure to convey and explain the Commonwealth's plea offer, and (3) Chester's failure to advise

3

and consult with Judy regarding the inclusion of a lesser-included misdemeanor offense in the jury instructions.

The habeas court vacated Judy's felony assault and battery conviction. The Commonwealth elected to retry Judy for her actions giving rise to her original charges. During the course of this second criminal matter, Judy pled guilty to misdemeanor assault and battery. Pursuant to this plea, Judy was convicted of misdemeanor assault and battery and was sentenced to ten days of incarceration, with all ten days suspended.

Judy subsequently filed a legal malpractice claim against Chester and the firm Chester-Cestari Law. This legal malpractice claim alleged multiple bases of Chester's malpractice for actions during the original criminal matter.

Chester and Chester-Cestari Law filed a demurrer to Judy's complaint. The demurrer asserted that Judy failed to state a claim upon which relief could be granted because she was not actually innocent of the criminal act of assault that gave rise to the criminal matter in which the alleged legal malpractice occurred. That is, although Judy's felony assault and battery conviction had been vacated, Judy subsequently admitted guilt to misdemeanor assault and battery, and it was that guilt of a criminal act, rather than a guilty verdict for any given crime, which proximately caused injuries Judy suffered from the original criminal matter.

4

The circuit court agreed with Chester and the firm Chester-Cestari Law, and sustained the demurrer without leave to amend. Judy timely appealed to this Court.

## II. DISCUSSION

Although we granted three assignments of error, we need only address the first assignment because our resolution of the issue of proximate causation resolves this appeal.[1] Jimenez v. Corr, 288 Va. 395, 404, 764 S.E.2d 115, 118 (2014). Assignment of error 1 reads:

> 1. The trial court erred in sustaining Defendants' Demurrer because it thereby decided, as a matter of law, that [Judy] could not prove that Chester's negligence was the proximate cause of [Judy]'s harm when the trial court had already established by prior order granting [Judy]'s Petition for Writ of Habeas Corpus that it was reasonably probable that Chester's ineffective assistance of counsel caused [Judy] Harm.

## A. Standard Of Review

"A trial court's decision sustaining a demurrer presents a question of law which we review de novo." Harris v. Kreutzer, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006). "A demurrer accepts as true all facts properly pled, as well as reasonable inferences from those facts." Steward v. Holland Family Props., LLC, 284 Va. 282, 286, 726 S.E.2d 251, 253 (2012).

---

[1] Assignment of error 2 pertains to whether Judy's guilty plea to the misdemeanor charge was equivalent to being convicted of the felony charge.

Assignment of error 3 pertains to whether Judy was required to plead actual innocence of all criminal culpability to state a legal malpractice cause of action.

5

B.    The Elements Of A Legal Malpractice Claim

"A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the [pecuniary] damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach."  Shevlin Smith v. McLaughlin, ___ Va. ___, ___, 769 S.E.2d 7, 9 (2015) (internal quotation marks and citation omitted).  This is all that must be pled by a legal malpractice plaintiff who alleges that malpractice occurred during the course of a civil matter.

However, a legal malpractice plaintiff who alleges that malpractice occurred during the course of a criminal matter has additional burdens of pleading.  These additional burdens are to ensure that "courts [do] not assist the participant in an illegal act who seeks to profit from the act's commission." Zysk v. Zysk, 239 Va. 32, 34, 404 S.E.2d 721, 722 (1990).  That is, it is the policy throughout the Commonwealth that a criminal defendant may not profit from a crime in a subsequent legal malpractice action.  See Taylor v. Davis, 265 Va. 187, 191, 576 S.E.2d 445, 447 (2003); Adkins v. Dixon, 253 Va. 275, 281-82, 482 S.E.2d 797, 801-02 (1997).

Consequently, "actual guilt is a material consideration [because] courts will not permit a guilty party to profit from

6

his own crime." Adkins, 253 Va. at 282, 482 S.E.2d at 802. Relevant to this appeal, we have held that this "material consideration" requires a legal malpractice plaintiff, who alleges that malpractice occurred during the course of a criminal matter, to plead that the damages to be recovered were proximately caused by the attorney's negligence and were not proximately caused by the legal malpractice plaintiff's own criminal actions. Id. (holding that it is proper to sustain a demurrer if the legal malpractice plaintiff fails to satisfy this "material consideration"). Consequently, a legal malpractice plaintiff who alleges that malpractice occurred during the course of a criminal matter must plead facts establishing this element of the cause of action: that the damages to be recovered were proximately caused by the attorney's negligence but were not proximately caused by the legal malpractice plaintiff's own criminal actions. W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996) ("A demurrer will be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action.").

C.   Judy's Legal Malpractice Complaint

Judy pled that she employed Chester of the firm Chester-Cestari Law for purposes of representing Judy in a criminal matter, and that this employment created an attorney-client

relationship.  Judy pled that Chester breached his duties arising out of that attorney-client contractual relationship. And Judy pled that Chester's breach proximately caused certain pecuniary loss.[2]  Had the alleged malpractice occurred in a civil matter, this would be sufficient for Judy's complaint to survive demurrer.  However, Judy's pleading failed to satisfy the additional burden that a legal malpractice plaintiff's damages cannot be proximately caused by the plaintiff's criminal actions.

The crux of Judy's argument is that her criminal conduct, in the absence of legal malpractice, would have resulted in a misdemeanor conviction with a ten-day incarceration sentence – which is what Judy was actually convicted of and sentenced to in the second criminal proceeding.  Judy concedes, as she must, that any injury flowing from a misdemeanor conviction and a ten-day incarceration sentence for her assault on the law enforcement officer was therefore proximately caused by her criminal actions, and damages therefor are not recoverable in a

---

[2] In her complaint, Judy pled both pecuniary and non-pecuniary damages.  However, Judy's complaint was filed before we issued our opinion in Shevlin Smith v. McLaughlin, ___ Va. ___, 769 S.E.2d 7 (2015).  In that case, we clarified that "[a] legal malpractice plaintiff may recover only pecuniary damages proximately caused by an attorney's breach of the contractually implied duties" arising from the "attorney-client contract" of representation.  Id. at ___, ___, 769 S.E.2d at 15, 20.  At oral argument, Judy's counsel conceded that Judy could recover only those pecuniary damages identified in the complaint.

legal malpractice action. But Judy contends that any damages proximately caused by her felony conviction and her six month incarceration sentence were not proximately caused by her criminal actions, and instead these damages were proximately caused by Chester's malpractice. According to Judy, absent Chester's malpractice, she would not have been convicted of a felony and would not have served a six month sentence, which led to her pecuniary damages.

Judy's pleadings fail to support her arguments. That is, Judy failed to adequately plead that her attorney's legal malpractice, as opposed to her own commission of a criminal act, proximately caused the pecuniary damages alleged in her complaint.

1. <u>Wrongful Severity Of Conviction:  Legal Malpractice Proximately Causing The Felony Conviction</u>

The first aspect of Judy's original conviction that she alleges was proximately caused by Chester's legal malpractice is the fact that Judy was convicted of a felony, rather than of a misdemeanor. Judy's pleading adequately alleges that she would have been convicted of a misdemeanor, in the absence of Chester's legal malpractice, because she would have accepted the original misdemeanor plea offer. But this only satisfies half of Judy's burden. To adequately plead proximate causation, Judy must plead that the damages she seeks to

9

recover were proximately caused by legal malpractice and not by her own criminal conduct. Adkins, 253 Va. at 282, 482 S.E.2d at 802; W.S. Carnes, 252 Va. at 384, 478 S.E.2d at 300. In the context of this allegation and Judy's theory of the case, Judy must plead that the damages she seeks to recover were caused by her felony conviction, which was entered only because of legal malpractice, and would not have been caused by her misdemeanor conviction, which was properly entered as punishment for her criminal actions.

The only relevant pecuniary damage, as pled in the complaint, was that Judy's "nursing license was suspended . . . as a direct result of her felony conviction." This allegation can reasonably be understood to relate to the general averments in her complaint that she has "been prevented from working and will be so prevented in the future," and having "suffered lost wages[ and] damages related to her job and career." However, there is no allegation stating that, but for the felony conviction entered pursuant to Chester's negligence, Judy would not have lost her nursing license and suffered the corresponding pecuniary harm. Alternatively stated, Judy failed to plead that she would not have lost her nursing license based upon her conviction of misdemeanor assault and battery. And there is no reasonable basis, from the facts pled, to infer that Judy would have kept her nursing license if

10

she had been convicted of a misdemeanor.  Therefore, Judy failed to plead damages flowing from her felony conviction that would not have been proximately caused by her misdemeanor conviction.

2.   Wrongful Duration Of Sentence:  Legal Malpractice Proximately Causing The Six Months Incarceration

The second aspect of Judy's original conviction that she alleges was proximately caused by legal malpractice is that she was sentenced to six months of incarceration, rather than to the later sentence of ten days of incarceration with all ten days suspended.  As an initial matter, Judy failed to specifically allege that she would have been sentenced to any particular length of incarceration absent Chester's malpractice.  Instead, Judy's complaint quotes the habeas court's determination that "there is a reasonabl[e] probability that but for [Chester's] deficient performance, the results of the [original criminal] proceeding would have been less severe than the judgment and sentence imposed."  By incorporating the habeas court's determination as to prejudice affecting sentencing, Judy's pleading adequately alleges that she would have been sentenced to less than six months of incarceration. See McCord v. Bailey, 636 F.2d 606, 609 (D.C. Cir. 1980) ("[T]he legal standards for ineffective assistance of counsel in [the criminal defendant/legal malpractice plaintiff's]

11

criminal proceedings and for legal malpractice in this action are equivalent."); Shaw v. Department of Admin., Pub. Defender Agency, 816 P.2d 1358, 1361 n.4 (Ala. 1991) ("The burden of proof in the two proceedings[, an ineffective assistance proceeding and a legal malpractice proceeding,] is similar."); Glaze v. Larsen, 83 P.3d 26, 31 (Ariz. 2004) ("Although the standard of proof imposed under Strickland arguably does not correspond precisely to the burden placed on a plaintiff in a legal malpractice action, the inquiry in each case is at the very least so similar that post-conviction proceedings often will provide definitive guidance as to whether any alleged legal malpractice actually occurred and/or was the cause of the defendant's conviction."); Barner v. Leeds, 13 P.3d 704, 712 (Cal. 2000) ("The same standard of care governing claims of ineffective assistance of counsel applies in a civil legal malpractice action."); Rantz v. Kaufman, 109 P.3d 132, 139 (Colo. 2005) ("[T]he standard for demonstrating prejudice in an ineffective assistance of counsel claim and the standard for establishing causation in a malpractice claim involve equivalent analyses."); Sanders v. Malik, 711 A.2d 32, 34 (Del. 1998) ("The standards for proving ineffective assistance of counsel in a criminal proceeding are equivalent to the standards for proving legal malpractice in a civil proceeding."); Zeidwig v. Ward, 548 So. 2d 209, 214 (Fla. 1989)

12

(concluding that "the standards for determining ineffective assistance of counsel in malpractice [are] essentially the same"); Glenn v. Aiken, 569 N.E.2d 783, 785 (Mass. 1991) ("[A]n appellate court's ruling that counsel was not ineffective may well justify precluding a criminal defendant from maintaining a malpractice action against his trial counsel.").

However, this again only satisfies half of Judy's burden. The result of the habeas corpus proceeding does not answer the issue before us. A habeas court's determination on the ineffectiveness of a criminal defendant's counsel and subsequent prejudice to that defendant establishes that constitutionally deficient performance proximately caused the outcome in the original criminal proceeding. See Strickland v. Washington, 466 U.S. 668, 686 (1984). However, we must also look to the damages flowing from the outcome of the criminal matter. We must determine whether the pleadings properly allege that any of those damages were proximately caused by legal malpractice, rather than by the legal malpractice plaintiff's own criminal actions. Adkins, 253 Va. at 282, 482 S.E.2d at 802; W.S. Carnes, 252 Va. at 384, 478 S.E.2d at 300.

Judy's complaint, as pled, fails to identify any pecuniary damages that were specifically caused by her six months of incarceration, and not by a sentence imposed absent Chester's malpractice – that is, and not by a sentence imposed because of

13

Judy's own criminal actions. And such damages cannot be reasonably inferred because there is no basis to determine what sentence a circuit court would have imposed in the original criminal proceeding had Chester not been negligent.

This inability to determine such a sentence arises from the fact that a defendant convicted of misdemeanor assault and battery under Code § 18.2-57 is subject to a sentence of not more than twelve months of incarceration and a fine of $2,500, either or both. Code §§ 18.2-11(a); 18.2-57(A). Although Judy was eventually sentenced to only ten days, with all ten days suspended, that sentence and suspension occurred after she had already served her original six month sentence. According to Judy's complaint, the original misdemeanor plea offer was not accompanied by a sentence recommended by the Commonwealth. Even if such a recommendation had been made, there are no facts pled from which to draw the inference that, absent the legal malpractice, the circuit court would have imposed any shorter sentence than the six months that was imposed.

A reviewing court has no basis to infer a particular sentence that the circuit court would have imposed had Judy been convicted of a misdemeanor, much less a sentence less than the six months of incarceration Judy endured pursuant to Chester's malpractice. We cannot reasonably infer, based upon the bare allegation that the circuit court imposed a ten day

14

suspended sentence after Judy had already been incarcerated for six months for the now-vacated felony, what compensable injury, if any, was caused by the sentence imposed in the first proceeding which was subject to the legal malpractice and not by Judy's own criminal actions.

## III. CONCLUSION

Judy is a legal malpractice plaintiff who alleged that malpractice occurred during the course of a criminal proceeding. However, Judy failed to satisfy her burden of pleading that the pecuniary injury she seeks to recover was proximately caused by her attorney's legal malpractice, rather than being proximately caused by her criminal actions. We therefore will affirm the circuit court's judgment sustaining the demurrer.

<u>Affirmed.</u>