COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata
Argued by teleconference


MICHAEL J. FORMICA

MEMORANDUM OPINION[*] BY
v.      Record No. 1581-22-2          JUDGE ROSEMARIE ANNUNZIATA
JULY 25, 2023
SCOTT B. PURYEAR, ESQ.


FROM THE CIRCUIT COURT OF GREENE COUNTY
Claude V. Worrell, Jr., Judge

Michael J. Formica, *pro se*.

Rachel W. Adams (John P. O'Herron; *Thompson*McMullan, P.C., on
brief), for appellee.


Michael J. Formica, *pro se*, appeals the judgment of the circuit court granting the plea in bar

filed by Scott B. Puryear and dismissing Formica's claims of breach of contract and legal

malpractice.[1]  On appeal, Formica argues that the circuit court erred by granting the plea in bar

because his claim for legal malpractice had not yet accrued and was not barred by the statute of

limitations.  For the reasons that follow, we affirm the judgment of the circuit court.

BACKGROUND

On April 25, 2022, Formica, *pro se*, filed a motion for judgment in the circuit court asserting

claims of breach of contract and legal malpractice against Puryear.  According to the motion,

Puryear negligently represented Formica in a criminal matter between January 25, 2012, and

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Both of Formica's claims concern Puryear's alleged negligent representation of
Formica, and we refer to them collectively as Formica's claim for legal malpractice.  *See*
*Thorsen v. Richmond Soc'y for the Prevention of Cruelty to Animals*, 292 Va. 257, 277 (2016)
("actions for legal malpractice are actions for breach of contract").

October 17, 2012, when Formica accepted a plea agreement.[2]  Formica allegedly filed federal and state petitions challenging his conviction, which were denied.  The motion further stated that Formica filed a petition for writ of certiorari with the Supreme Court of the United States but did not state whether the Supreme Court had ruled upon the petition.

On June 2, 2022, Puryear filed a plea in bar arguing that Formica's claims were barred by the three-year statute of limitations because Formica's motion for judgment alleged that he last negligently represented Formica on October 17, 2017.[3]  In response, Formica filed a "Motion to Stay and Abey" arguing that his claim for legal malpractice had not accrued because he had a pending petition for writ of certiorari in the Supreme Court of the United States.[4]

On August 9, 2022, the circuit court held a hearing on Puryear's plea in bar.  The record does not include a transcript or a written statement of facts in lieu of a transcript from the hearing.[5]  On August 17, 2022, the circuit court entered a final order sustaining Puryear's plea in bar and dismissing Formica's claims with prejudice "except if, in the future, a court of competent jurisdiction grants [Formica's] petition for post-conviction relief."  Formica appeals.

---

[2] Although Formica's motion for judgment states that complaints were made against him for stalking, trespassing, and assault, the crimes for which he was convicted are not clear from the record.

[3] Puryear's plea in bar suggested that Formica's motion for judgment meant to allege that his last act of legal malpractice occurred on October 17, 2012, not 2017.  Puryear argued that "[e]ven assuming [his] latest purported breach occurred on October 17, 2017, the [motion for judgment] would be [sic] still be time-barred."

[4] Formica also filed a written objection to Puryear's plea in bar arguing that he was innocent of the crimes he pleaded guilty to and requesting discovery on his legal malpractice claim.

[5] During oral argument, Formica insisted that he filed a transcript from the August 9, 2022 hearing in the circuit court.  Notwithstanding his insistence to the contrary, the record before us does not include the purported transcript.

ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, ___ Va. ___, ___ (Oct. 13, 2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). "The movant bears the burden of proof on such a plea, and if evidence is presented ore tenus, the circuit court's factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Id.* (quoting *Massenburg*, 298 Va. at 216). A circuit court's "decision on a plea in bar of the statute of limitations involves a question of law that we review de novo." *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)).

On appeal, Formica contends that the circuit court erred by sustaining Puryear's plea in bar on the statute of limitations because his claim for legal malpractice had not yet accrued. Specifically, he argues that his claim for legal malpractice had not accrued because he had a pending petition for writ of certiorari in the Supreme Court of the United States. Instead of sustaining the plea in bar, Formica asserts that the circuit court should have granted his motion to stay the case. We disagree.

"A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the [pecuniary] damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach." *Desetti v. Chester*, 290 Va. 50, 56 (2015) (alteration in original) (quoting *Smith v. McLaughlin*, 289 Va. 241, 253 (2015)). "Th[at] is all that must be pled by a legal malpractice plaintiff who alleges that malpractice occurred during the course of a *civil matter*." *Id.*

"However, a legal malpractice plaintiff who alleges that malpractice occurred during the course of a *criminal matter* has additional burdens of pleading." *Id.* Relevant to this appeal, "the

- 3 -

legal malpractice plaintiff must prove post-conviction relief and innocence entitling him to release." *Smith*, 289 Va. at 251. As a result, the legal malpractice plaintiff "has no right of action" until the "successful termination" of a post-conviction proceeding, and "the statute of limitations does not begin to run until termination of the post-conviction proceeding." *Adkins v. Dixon*, 253 Va. 275, 282 (1997).

Here, Formica correctly points out that the statute of limitations cannot bar his legal malpractice action before he receives post-conviction relief. *Id.* Puryear acknowledges that the "record lacks evidence that a court has granted such relief." Moreover, Formica alleged that he had "a habeas corpus pending in the Supreme Court of the United States" and the circuit court's final order states that Formica could refile his claims "if, in the future, a court of competent jurisdiction grants [his] petition." The record before us therefore demonstrates that Formica's post-conviction proceedings have not successfully terminated in his favor and, accordingly, the statute of limitations does not bar his legal malpractice claim. *Id.*

Although the statute of limitations does not bar Formica's legal malpractice claim, the successful termination of his post-conviction proceedings is an essential element of his claim, without which he has "no right of action." *Id.* By conceding that his post-conviction proceedings had not successfully terminated, Formica implicitly conceded that he did not have a right of action for legal malpractice against Puryear. In other words, Formica's defense to Puryear's plea in bar is also fatal to his claims.

"[W]e have the authority to affirm the court's dismissal on any legal ground appearing in the record." *Cherrie v. Va. Health Servs., Inc.*, 292 Va. 309, 319 (2016). "This stems 'from the axiom that a "prevailing party seeks to enforce not a trial court's reasoning, but the court's *judgment*."'" *Id.* (quoting *Alexandria Redevelopment & Hous. Auth. v. Walker*, 290 Va. 150, 156 n.1 (2015)). By allowing Formica to refile his claims if "a court of competent jurisdiction grants [his] petition for

post-conviction relief," the circuit court demonstrated that it recognized that Formica may, at some point in the future, have a legal malpractice claim against Puryear. Notwithstanding Formica's potential future rights of action, the record demonstrates that his post-conviction proceedings have not successfully terminated in his favor and that he does not currently have a right of action for legal malpractice against Puryear. *See Adkins*, 253 Va. at 282. Accordingly, we hold that the circuit court did not err by dismissing Formica's claims "with prejudice as to [Puryear], except if, in the future, a court of competent jurisdiction grants [Formica's] petition for post-conviction relief."

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.

Chaney, J., dissenting.

In this appeal, Formica challenges the judgment of the circuit court sustaining Puryear's plea-in-bar—based *solely* on the statute of limitations for legal malpractice claims—and dismissing Formica's legal malpractice complaint with prejudice. Formica opposed Puryear's plea-in-bar, arguing that the limitations period on his legal malpractice claim had not begun to run on his claims because of pending post-conviction proceedings. *See Adkins v. Dixon*, 253 Va. 275, 282 (1997) (for a legal malpractice claim in a criminal matter, "the statute of limitations does not begin to run until termination of the post-conviction proceeding"). The majority agrees that the statute of limitations does not bar Formica's legal malpractice claims for that very reason.

Although the majority recognizes that Formica's legal malpractice claims were not time-barred, the majority *inconsistently* affirms the circuit court's judgment sustaining Puryear's plea-in-bar and dismissing Formica's claims with prejudice. Purporting to rely on the doctrine of right-result-wrong-reason, the majority bases its decision on an alternative ground—nowhere stated in Puryear's plea-in-bar—that Formica has no right of action. As explained by the majority, Formica has no right of action because Formica failed to allege or show that he has obtained post-conviction relief or otherwise proven his innocence—a necessary element of a legal malpractice claim in a criminal matter. However, there was no demurrer—or other motion—before the circuit court requesting a dismissal on the ground that Formica failed to state a cause of action. Even if, consistent with *Adkins*, Formica has no right of action for legal malpractice prior to obtaining post-conviction relief or otherwise proving his innocence, the circuit court erred in granting Puryear's plea-in-bar based on the statute of limitations.

The majority purports to ground its affirmance on the doctrine of right-result-wrong-reason, but the doctrine does not apply when, as here, the circuit court's result is *wrong*. The *judgment* of the circuit court affirmed by the majority states:

> *This Matter* is before the Court on Defendant Scott B. Puryear's Plea in Bar of the Statute of Limitations to the Complaint.
>
> Upon Consideration of the written memorandum and argument of counsel and the *pro se* plaintiff, it is hereby *Ordered* that the Plea in Bar is *Sustained*.
>
> Counts I and II of the Complaint are dismissed with prejudice as to Defendant Scott B. Puryear, except if, in the future, a court of competent jurisdiction grants Plaintiff's petition for post-conviction relief.
>
> It is so *Ordered*.

The circuit court's final order (1) sustains the plea-in-bar based on the statute of limitations, (2) dismisses Formica's complaint with prejudice, and (3) states that the claim dismissed with prejudice can nonetheless be refiled if and when Formica obtains post-conviction relief. Since sustaining the plea-in-bar based on a statute of limitations for a cause of action that has not even accrued is a *wrong result*, the right-result-wrong-reason doctrine is plainly inapplicable. Since dismissing a claim with prejudice is inconsistent with granting leave to refile the claim, that judgment of the circuit court is also a *wrong result* to which the right-result-wrong-reason doctrine cannot apply.

To overcome the patent unavailability of the right-result-wrong-reason doctrine to affirm a judgment that is *wrong*, the majority mischaracterizes the circuit court's judgment as consisting solely of a bare dismissal, disregarding the circuit court's *express* judgment sustaining Puryear's plea-in-bar, and disregarding the circuit court's expressly inconsistent judgment dismissing Formica's claims with prejudice while holding out the possibility that they can be refiled.

The majority's affirmance of the circuit court's judgment is also erroneous because a dismissal based on a litigant's failure to state a cause of action is properly brought by demurrer, but Puryear did not file any demurrer.[6]  This Court is *barred by statute* from either (1) sustaining a demurrer that was not before the trial court in writing or (2) applying the right-result-wrong-reason doctrine to affirm a circuit court's judgment sustaining a demurrer on a ground not stated in the written demurrer.  *See* Code § 8.01-273(A).  Code § 8.01-273 provides:

> In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer.  *All demurrers shall be in writing* and *shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law*.  *No grounds other than those stated specifically in the demurrer shall be considered by the court.*

Code § 8.01-273(A) (emphases added).  Code § 8.01-273 plainly requires that all demurrers be in *writing* and that the court is *limited to the grounds stated* in the written demurrer.  *See id.*  No written motion requesting dismissal on the ground that Formica failed to state a cause of action was before the circuit court.

By affirming the circuit court's dismissal based on an alternative ground that was not included in Puryear's plea-in-bar, the majority, in effect, impermissibly sustains an implied demurrer that was never before the circuit court in writing, on an alternative ground that is

---

[6] Although "right of action" and "cause of action" are distinct concepts, it is Formica's lack of a cause of action that deprives him of a right of action here.  A litigant does not have a "right of action" before having a "cause of action," but can subsequently lose a right of action by, for example, failing to timely file a complaint.  As explained in *Adkins,* "[s]ince successful termination of [a post-conviction] proceeding is a part of [a legal malpractice claimant's] cause of action, he has no right of action until that time."  *Adkins*, 253 Va. at 282.  Thus—without successful post-conviction relief—Formica has no cause of action.  For that reason, Formica also has no "right of action."  Consequently, the majority's assertion that Formica has no "right of action" is indistinguishable from a claim that Formica has no "cause of action."  Moreover, as the majority acknowledges, the requirement to allege post-conviction relief in a legal malpractice complaint regarding a criminal matter is a burden of pleading.  *See Desetti v. Chester*, 290 Va. 50, 56 (2015) ("[A] legal malpractice plaintiff who alleges that malpractice occurred during the course of a criminal matter has additional burdens of pleading." (emphasis omitted)).

statutorily barred.  Although no written demurrer was before the circuit court, the General Assembly could not reasonably have intended to authorize this Court to evade the constraints of Code § 8.01-273 by applying the right-result-wrong-reason doctrine to an implied demurrer.

For the foregoing reasons, I would reverse the judgment of the circuit court and remand for further proceedings.  Accordingly, I respectfully dissent.